## BEEKMAN LUMBER COMPANY *v.* AHERN.

Opinion delivered April 15, 1905.

PRIVATE CORPORATION—FAILURE OF OFFICERS TO FILE STATEMENT—LIABILITY.— Under Kirby's Digest, § 859, providing that if any president or secretary of any private corporation shall neglect or refuse to comply with the provisions of § 848, *Id.,* requiring them to make and file with the

county court annually "on or before the 15th day of February or of August," a statement showing the condition of the affairs of the corporation, they "shall jointly and severally be liable to an action, founded on this statute, for all debts of such corporation contracted during the period of any such neglect or refusal," *held,* that where the officer filed the statement after the dates mentioned in the statute, he does not become liable for debts therein contracted by the corporation until he makes another default in the filing of another statement.

Appeal from Miller Circuit Court.

JOEL D. CONWAY, Judge.

Affirmed.

### STATEMENT BY THE COURT.

P. J. Ahern during the year 1898 was president of the Little River Lumber Company, whose place of business was in Little River County, Arkansas. On the 18th day of April, 1898, there was filed in the office of the clerk and recorder of Little River County a statement showing the financial condition of the company with lists of the stockholders, which statement was signed by the president and secretary of the company. No other statement was filed. In November and December of that year the lumber company contracted with Beekman Lumber Company, with Barton Brothers, and with Swofford Brothers' Dry Goods Company. On the 30th day of December, 1898, the machinery and lumber of the company were destroyed by fire. The company was adjudicated to be bankrupt on the 11th day of January, 1899, and the debts named were never paid. These creditors afterwards brought action to recover their debts against P. J. Ahern on the ground that he had, as president of the company, failed to file the annual statement showing the condition of the lumber company as required by law, that the debts due each of them were contracted during the period of such neglect on his part, and that he thereby became liable for each of such debts. Wherefore they ask judgment against him for the amount of their debts. The defendant filed an answer to the complaint in each of these actions in which he denied that he had neglected to file the annual statement showing the condition of the company as required by law,

and denied that the indebtedness to plaintiffs was contracted during the period of any such failure on his part. He also alleged that the right of action on the part of plaintiffs, if any existed, was barred by the statute of three years.

As the issues presented in these cases were exactly alike, they were heard together by consent of parties, being submitted to the court without a jury. On the trial the plaintiff asked the court to declare the law to be "that defendant was liable herein by reason of the failure of the Little River Lumber Company, of which he was president, to file such statement as required by law, and that the statute of limitations did not begin to run upon the purchase of the goods by the lumber company, as claimed by the defendant, but upon the maturity of the debts created by such purchases." The court refused to so declare the law, but held "that the liability of defendant Ahern accrued when he failed to file the statement required by law, and that the statute of limitations began to run from the date when the debts were contracted by the purchase of the goods, and not from the date of maturity of said debts against the lumber company." The court thereupon sustained the plea of the statute of limitations, and gave judgment in favor of the defendant. Plaintiffs appealed.

*Ellis, Cook & Ellis* and *Webber & Webber,* for appellant.

The appellant's claim is not barred by the statute of limitations. Kirby's Dig. § 859; 68 Ark. 433; 69 Ark. 65; 62 N. Y. 202; 35 N. Y. 412; 134 N. Y. 262; 164 N. Y. 224; 82 Cal. 650.

*W. H. Arnold,* for appellee.

The suit was brought within three years after the debt was contracted, and is barred. 107 Fed. 188; 114 Fed. 290; 81 N. Y. 49; 79 N. Y. 404; 124 N. Y. 25; 71 N. Y. 597; 76 N. Y. 521; 68 Ark. 21.

RIDDICK, J., (after stating the facts.) The question presented by this appeal is whether the defendant, who was in 1898 president of the Little River Lumber Company, is liable to the plaintiffs for certain debts of the company by reason of the fact that he failed to file a statement showing the condition of the company within the time required by law.

The statute requires that the president and secretary of any corporation organized under the law of this State "shall annually make a certificate showing the condition of the affairs of such corporation, as nearly as the same can be ascertained, on the first day of January or of July next preceding the time of making such certificate." The act requires that such certificate shall be deposited with the county clerk of the county in which the corporation does business "on or before the 15th day of February or of August," and it requires that the clerk shall record it in a book kept for that purpose. Kirby's Dig. § 848. Now, the defendant, as president, and the secretary of the company did file a statement showing the condition of the affairs of the Little River Lumber Company on the 1st day of January, 1898, but the statement was not filed until the 18th day of April, 1898, whereas the statute required that it should be filed on or before the 15th day of February of that year. But the debts for which the plaintiffs seek to hold the defendant liable were not contracted until in November and December, 1898, several months after the statement was filed. So the question presented is whether the defendant, though he did not file the certificate within the time required by the statute, is liable for debts contracted after the certificate was in fact filed. Though this question is directly raised by the pleadings and evidence, it is not noticed in the brief of counsel for either side, it being apparently assumed by them that the defendant is liable unless the actions against him for these debts were barred by statute of limitations. The circuit court held that the right of action against defendant accrued at once, so soon as the debts were contracted, regardless of when they were due, and that these actions were barred by the statute. While we think there is room to doubt the correctness of the court's conclusion that the Legislature intended to give a right of action against a president of a corporation before the maturity of the debt contracted, when he had failed to file the certificate required, still we need not discuss the question, because we think the president was not, under the facts of this case, in default as to such statement at the time these debts were contracted. The language of the act is that if any president or secretary of any such corporation shall neglect or refuse to comply with the provisions of the act as to filing such statement,

they "shall jointly and severally be liable to an action, founded on this statute, for all debts of such corporation contracted during the period of any such neglect or refusal." Kirby's Dig. § 859. It will be noticed that the debts for which the act makes the officers liable are those "contracted during the period of any such neglect or refusal" to file the statement required by the act. There is nothing in the act that requires an officer who has neglected to file such statement within the time named in the act to wait until after the first day of the next succeeding July or January before filing the statement. On the contrary, as the act declares that, upon the failure to file the statement within the time named, the officer becomes liable for all debts of the corporation contracted during the period of such neglect, we are of the opinion that it was the intention of the law to make it to the interest of the officer to file his statement at as early a date as possible, when he discovers the oversight, and when he does file such statement, even though it be after the dates named in the act, that he is not liable for debts thereafter contracted by the corporation until he makes another default in the filing of another statement.

As the debts for which the defendant was sued here were contracted after he had filed the statement required by the law, and when he was no longer in default, he is, in our opinion, not liable for such debts. The judgment of the circuit court is therefore right, and is affirmed.

Mr. Justice McCulloch disqualified, and not participating.