KANSAS CITY SOUTHERN RAILWAY COMPANY *v.* CROSSEN.

Opinion delivered April 29, 1912.

1. RAILROADS—PENALTY FOR FAILURE TO CONSTRUCT STOCK GUARDS.—Where a land owner agrees with a railroad company to accept a fence along the right-of-way in lieu of stock guards, and the company complies with the contract within a reasonable time, it is not thereafter liable to the statutory penalty for failure to construct stock guards; but if the company does not comply with such agreement within a reasonable time, the land owner can treat the contract as rescinded and proceed as if no agreement had been made; and notice to build the stock guards is sufficient to apprise the company that the owner no longer considers the contract binding.   (Page 617.)

2. APPEAL AND ERROR—OBJECTION NOT RAISED BELOW.—Objection for nonjoinder of a party plaintiff can not be raised for the first time on appeal.   (Page 618.)

3. RAILROADS—STOCK GUARDS—ACTION FOR PENALTY—PARTIES.—Under act March 5, 1909, a tenant is not a necessary party to an action against a railroad company for failure to construct a cattle guard. (Page 618.)

Appeal from Sevier Circuit Court; *Jefferson T. Cowling,* Judge; affirmed.

STATEMENT BY THE COURT.

This is a suit under sections 6644 and 6645 of Kirby's Digest (as amended by Acts of 1909, page 135,) to recover damages and penalty for an alleged failure on the part of appellants to construct a cattle guard on the inclosed lands of the appellee, through which appellant's railroad ran, after appellee had given appellants notice to construct cattle guards as required by the statute.

Appellants denied that they had failed to construct the cattle guards as required by law, and denied that they were liable to the appellee in damages or liable for the penalty.

The proof on behalf of appellee tended to show that he owned the inclosure; that the railroad was built through the same; that no stock guards had been built on either side where the road entered the inclosure; that he notified the appellants to construct stock guards; that notice was served on the agent at De Queen on May 16, 1911; that he had growing crops on the premises, and did not have any protection against stock until a fence was constructed by the appellants on June 24, 1911. His testimony further shows that his crops had been damaged by reason of trespassing stock, and shows the amount of his damage.

The appellee testified that he did not have any agreement with appellants with reference to the building of a fence. He and appellant's engineer talked about it, but he never agreed to build the fence. They had some conversation about the building of the fence some time about the first of May. This conversation was before the notice was served on appellants. In conversation with the railroad men, they said they would furnish the material. This was satisfactory to the appellee, but he did not understand that he was to build the fence. It was satisfactory to appellee to have the fence built, instead of the stock guards.

On behalf of the appellant the evidence tended to show that it had an agreement with appellee, entered into on May 2, 1911, whereby appellants undertook to furnish the material for fencing the inclosure of appellee, and he was to erect the fence. That appellant furnished the material in accordance with the agreement, and it was placed on the ground on May 30, 1911. The material was furnished in due course of business. Appellee did not carry out his agreement. The appellant, Kansas City Southern Railway Company, built the fence. It commenced the construction thereof June 14, and it was finished on June 20 or 21. May 30 was the earliest time that the material could be placed there for the building of the fence. The appellant employed H. H. Morrison, who was a tenant on the land, to build the fence. After the appellant ascertained that the appellee would not build the fence,

it built it itself.  There was no objection on the part of the appellee to the building of the fence in place of the stock guards.

The court, in effect, instructed the jury on behalf of the appellee, in instruction numbered 1, that if he gave the notice to appellant May 16, 1911, as required by law, to construct stock guards, and if after the expiration of ten days' notice the appellant failed until the middle of June to construct stock guards, the appellee was entitled to recover the actual damages he had sustained, excluding the interest of the tenant in the crops, and that, in addition to the actual damages, he would be entitled to a penalty of not less than twenty-five nor more than one hundred dollars; but the court further told the jury that if the appellee had agreed to accept a fence in lieu of stock guards, and such fence was constructed within a reasonable time after such agreement, then he would not be entitled to recover.

The court further told the jury, in instruction numbered 3, that, even though appellee had agreed that a fence might be constructed in lieu of the stock guards, if appellant had failed to comply with its contract within a reasonable time, then the appellee would have the right to treat the agreement as abandoned, and to recur to the stock guard law, and to claim and receive compensation thereunder, as well as penalty, if he complied with the statute as to notice, and if the appellant thereafter failed to put in the stock guards.

The court gave the following instruction orally:

"The law requires the railroad company, in going through inclosed lands, to construct staple and safe cattle guards. Now, if you believe from a preponderance of the testimony that the plaintiff agreed to accept a fence on each side of the railroad in lieu of these cattle guards, and if the defendant, within a reasonable time after the agreement, put in the fence, it would not be liable.  It was its duty, after you find it was agreed by and between the plaintiff and the defendant that the fence should be substituted, to put in the fence or furnish the material within a reasonable time; and you should take into consideration the circumstances of the case, what would be a reasonable time; take into consideration the growing crop in the field exposed to stock, and what would be a reasonable time to furnish the material or put in the stock guards if that

agreement was made. If the defendant failed to furnish the material, and failed to furnish the fence after it agreed to do so within a reasonable time, then it would be liable for the actual damages and such penalty as you might think the plaintiff entitled to. On the contrary, if you find there was no agreement to accept the fence instead of the cattle guard, or if he didn't agree to build the fence, and neither the fence nor the cattle guards were put in after ten days' notice, the defendant would be liable to a penalty on whatever damages you might agree to fix the penalty, not less than twenty-five nor more than one hundred dollars, which you may see fit to assess."

The appellant saved no exceptions to this instruction.

The appellant asked instructions to the effect that if the appellee agreed to accept the fence in lieu of stock guards, and the appellant was ready to build the stock guards, and within a reasonable time complied with its agreement, if there was an agreement, by building the stock guards, then the appellee could not recover. And further, that if the employees of the appellant believed that appellee would build the fence, then the delay from and after May 30 until the fence was built, June 21, would not be such a delay as would entitle appellee to recover.

The court refused these prayers. Appellant excepted to the refusal to grant its prayer for instructions, and also to the ruling of the court in giving prayer numbered 1 requested by the appellee.

*Read & McDonough,* for appellant.

1. The court erred in permitting a recovery for the penalty, notwithstanding the contract. The penalty is dependent upon a proper notice being given. Kirby's Dig., § § 6644-5. Acts 1909, 135; 68 Ark. 238; 84 *Id.* 14; 67 *Id.* 357; 71 *Id.* 232; 3 Elliott on Railroads, § 1198. A plaintiff may waive penalties and contract to relieve the railway of such penalties. This was done, and only actual damages were recoverable. 90 Ark. 531; 82 *Id.* 175; 83 *Id.* 481; 86 *Id.* 46; 33 Cyc. 313 and 319-20, and cases cited; 116 Tenn. 29; 91 S. W. 1116; 56 Cal. 317; 52 Ind. 578; 8 Cush. 230; 57 Mo. 265. Having accepted the benefit of the fences, one can not recover the penalty. 33 Cyc. 320; 112 Ind. 302.

2. The statute (Acts 1909, 135) contemplates only one action, and the tenant was a necessary party.

*J. S. Lake, James S. Steel* and *James D. Head,* for appellee.

1. There was no waiver of penalty; but, if there was, it was not a waiver *forever,* but only for a reasonable time.   There was no consideration for this agreement, and the agreement was abandoned.   Successive recoveries can be had for penalties by the same land owner.   83 Ark. 431.

2. Appellant can not raise the question here, for the first time, that the tenant was not made a party, and that proof of damages to crops was allowed.   There were no objections below.   70 Ark. 197; 75 *Id.* 571; 74 *Id.* 88.

3. There is no order showing the overruling of the motion for new trial.   This is fatal.   95 Ark. 621.

WOOD, J., (after stating the facts).   Although there was no issue in the pleadings concerning the acceptance of a fence in lieu of stock guards, yet that question was submitted to the jury under the instructions and evidence, and we will treat it as an issue here.   The court did not err in instructing the jury on this issue, but correctly submitted the question, in the first place, as to whether there was such an agreement, and, in the second place, as to whether the appellant, if there was such an agreement, had failed to comply with its terms.

If there was a contract between appellant and appellee whereby the latter agreed to accept a fence in lieu of stock guards, then, if appellant complied with that contract within a reasonable time, it would not be liable to the appellee, although he may have afterwards repudiated the contract and refused to accept the fence.   But if, on the other hand, the appellant did not comply with the contract to build the fence in lieu of stock guards within a reasonable time, the appellee would have the right to treat the contract as rescinded, and to proceed as if no contract had been entered into; and if appellee gave appellant notice that it must build the stock guards in compliance with the statute, that was sufficient to advise it that appellee no longer considered the contract binding on his part, and that he would not thereafter accept the fence in lieu of the stock guards.   If appellant failed to comply with its contract within a reasonable time, and if the appellee gave

it notice to construct the stock guards after such failure, then appellant could not escape the liability for damages and penalty, under the statute, by promising thereafter to erect the fence, instead of the stock guards; and appellee would not waive his rights under the statute because the appellant elected to proceed with the erection of the fence.

The case would have been entirely different, of course, if the appellee had waited until the appellant had erected the fence, and then given notice that he would not accept same, but would insist on a compliance with the statute as to stock guards. In that case appellee would have waived his right to insist on a compliance with the statute; but, since the jury may have found that appellant did not comply with its contract to build the fence within a reasonable time, and since appellee gave appellant notice to construct the stock guards under the statute before appellant erected the fence, or even placed the material on the ground, appellee can not be held to have waived his right to hold appellant liable for the damages and penalty denounced by the statute. Under such circumstances there is no waiver on the part of appellee by receiving the benefits of the fence constructed by appellant after he had given it notice of his intention to insist on his rights under the statute:

2. The objection that Morrison, the tenant of appellee, should have been made a party to the suit was not raised in the court below, and can not avail here. See *Hadley* v. *Bryan,* 70 Ark. 197; *State Mutual Life Insurance Co.* v. *Latourette,* 71 Ark. 242; *Shorter University* v. *Franklin,* 75 Ark. 571. The tenant was not a necessary party under the act of March 5, 1909.

Finding no errors, the judgment is affirmed.