DAVIS, STATE BANK COMMISSIONER, v. BRANCH.

Opinion delivered April 8, 1918.

1. BANKS AND BANKING—REGULATION BY STATE—ACT BECAME OPERA-
   TIVE WHEN.—Under Act 113, Acts of 1913, providing for the regula-
   tion of banks, State banks became subject to the regulations of the
   act on January 1, 1914.

2. BANKS AND BANKING—ACT 113, ACTS OF 1913—BECAME OPERATIVEe
   WHEN—DOUBLE LIABILITY.—The provision in Act 113, Acts of 1913,
   providing for the double liability of stockholders of banks, did not,
   become operative until 30 days after January 1, 1914, in the case of
   a bank which continued in business after January 1, 1914, but did
   not comply with the terms of the statute.

Appeal from Pulaski Circuit Court, Third Division;
*G. W. Hendricks*, Judge; affirmed.

*Moore, Smith, Moore & Trieber*, for appellant.

1. It was error to sustain the demurrers. The bank
was subject to the provisions of the Bank Act, Acts 1913,
462; 130 Ark. 128. The stockholders were liable. Section
4 of the Act 1913 was prescribed merely for the purpose
of requiring a report to the Commissioner and the liabil-
ity of the stockholders arose upon a continuance of busi-
ness after January 1, 1914. The law took effect Septem-
ber 1, 1913, and the thirty day period began then. Formal
notice was not necessary. 20 Ark. 204.

2. As the emergency clause was not attached, the
act took effect any day after the middle of June, 1913,
104 Ark. 162. The bank was in default and the stockhold-
ers became liable as the bank continued in business and so
intended after January 1, 1914, under the provisions of
the act.

*R. E. Wiley, Marvin Harris* and *John F. Clifford*, for
appellees.

The demurrers were properly sustained. Section 4
of the act created a period of grace for 30 days from Jan-
uary 1, 1914, within which the bank might determine
whether or not it would continue in business, and the
stockholders were not liable unless the bank filed the re-

port required by law. Acts 1913, 462; 130 Ark. 128. The court below properly construed the law. The thirty-day provision is for the benefit of the bank and stockholders and they have the entire time to form their intentions, make up their minds and communicate with the Bank Department as to their future course. The Moore and Graham decision settles this. 57 Ark. Law Rep. 128. There was no liability under the law.

McCULLOCH, C. J. This is an action instituted by the State Bank Commissioner against appellees, who were stockholders in an insolvent banking corporation, to enforce the statutory liability of said stockholders to the extent of the amount of their respective shares of stock, for the purpose of paying the indebtedness of the bank.

The facts set forth in the complaint, to which the court sustained a demurrer, were that appellees were stockholders in the Merchants & Mechanics Bank, a banking corporation organized and doing business under the laws of Arkansas for a period long prior to January 1, 1914, and that said banking corporation "so continued in business with the intent of continuing indefinitely after January 1, 1914, and with the intent of continuing under the provisions of Act 113 of 1913, and with the intent further of making report under section 4 of said act within thirty days from January 1, 1914; but the said bank was closed against its intention and without having made said report, on the occasion of an unexpected run upon it by its depositors on January 12, 1914."

The liability asserted in this case is declared in section 36 of the general banking statute enacted by the general assembly of 1913 (Acts of 1913, p. 462) in the following language:

"The stockholders of every bank doing business in this State shall be held individually responsible equally and ratably, and not one for another, for all contracts, debts and engagements of such bank, to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such stock."

The statute contains 61 sections, the last of which reads as follows:

"All laws and parts of laws in conflict with this Act, be and the same are hereby repealed, and this Act shall take effect and be in force on and after January 1, 1914.

"Provided, that the Governor may upon the approval of this Act appoint the Bank Commissioner herein provided for, whose term of office shall begin September 1, 1913."

The act did not contain an emergency clause and was approved by the Governor March 3, 1913.

Section 4 contains the following provision with reference to banks organized and doing business in the State prior to the time that the act went into force:

"It shall be the duty of each bank heretofore organized and doing business in this State, to report within thirty days after this act goes into effect, to the Bank Department, a full and complete list of its stockholders, or members, as the case may be, showing the residence and the amount of stock or interest owned by each, and all such banks as shall make such report and declare its purpose to continue business under this act shall be authorized to do so without the payment of any additional fee, or without the filing of any additional articles of agreement or articles of partnership, providing the legal fees have once been paid for such service. Any bank, trust company or savings bank that shall fail to make report and declare its purpose to continue business, shall not be allowed to do business in this State, and all such as have not paid fees shall pay the same fees as are provided for herein."

In the recent case of *Davis, Commissioner,* v. *Moore,* 130 Ark. 128, 197 S. W. 295, we construed this provision of the statute to have a valid retroactive effect so as to impose the statutory liability on stockholders of banks organized and doing business prior to the time the statute went into effect. In construing this provision we said:

"The statute does not, it must be remembered, impose any unconditional liability on the stockholders. The liability arises, not by virtue of the statute alone, but it arises upon the acceptance of those terms by a continuation of the corporation in the banking business. Section 4 declared a period of time within which all banking corporations had after the act went into effect to signify acceptance of the new terms prescribed by the statute or to discontinue the business sought to be regulated by the statute. * * * It is thus seen that the statute was intended only to prescribe terms upon which banking corporations might thereafter continue in business, and it imposed no additional liability upon the stockholders unless those terms were accepted by a continuance of the corporation in that business."

That case did not involve a decision of the question as to what particular time the liability of the stockholders arose, for in that case the two banks involved in the controversy complied with the statute and did business for more than a year after the statute went into effect. In the present case the bank did not comply with the banking act by filing the report, but it continued to do business after January 1, 1914, and was forced out of business on January 12th because of its insolvency without having complied with the terms of the statute.

The trial court construed the statute to mean that section 4 created a period of grace running thirty days from January 1, 1914, within which an existing bank might determine whether or not it would continue in business, and that the individual liability of stockholders did not arise unless the bank filed the report required by statute which legalized the continuance of business after the expiration of said period of grace.

Counsel for appellees defend the ruling of the court in sustaining the demurrer on that ground and insist that the trial court's interpretation of the law is correct. On the other hand it is contended by counsel for the Bank Commissioner that the period of thirty days was pre-

scribed merely as one for the purpose of requiring a report to the Bank Commissioner and that the individual liability of the stockholders arose upon a continuance in business by the bank after January 1, 1914. It is also argued that the law took effect September 1, 1913, and that the thirty days period began from that date.

(1)    We are of the opinion that the trial court was correct in its interpretation of the statute. In the first place the argument that the act took effect on September 1, 1913, within the meaning of section 4, is entirely unsound, for it is plain from the language of section 61 that it was only to take effect on that date for the purpose of authorizing the Governor to appoint the Bank Commissioner, but in all other respects it took effect on January 1, 1914, and that the banks did not become subject to the regulations until the last named date.

(2)    It is clear too, we think, that the framers of the statute meant to prescribe a period of grace within which banks then doing business might comply with the law, and it, of course, follows that from the granting of this period of grace no liability was imposed until the expiration of that time unless the law was sooner complied with by filing the report and thus signifying the acceptance of the terms of the statute. In other words, a bank doing business in the State prior to January 1, 1914, was not in default until the expiration of thirty days from that date, and could continue doing business without subjecting itself or its stockholders to the terms of the statute. There is nothing in the language of this court in *Davis, Commissioner, v. Moore, supra,* which indicates any views of the law contrary to those expressed now. In fact, the question now presented did not arise in that case, and there was no necessity for using language which might indicate the views of the court on this subject. But now, since the question is directly raised, we have no doubt about the meaning of the statute. It was not intended to impose liability merely for continuing in business until the expiration of the prescribed period of grace, and that no lia-

bility attached prior to that time unless the report was filed accepting the terms of the statute.

It is argued as one of the reasons why the legislature meant otherwise, that there might have been uncertainty during the period of grace whether a bank would or would not comply with the statute and that for the sake of certainty the law-makers meant to impose the liability upon stockholders of a bank continuing to do business after January 1, 1914. It might be argued, with equal force, that the uncertainty arose as soon as the banking act was passed whether or not a given bank then in existence would or would not comply with the terms so as to create personal liability on the part of the stockholders. But that affords no reason why the act should be construed to impose liability earlier than the expiration of the period of grace. Of course, in either event the depositors and other creditors of the bank had to take their chances of securing individual liability of the stockholders, but there had to be some time when that liability arose, and we think the law-makers have plainly fixed it at the time the report was to be filed accepting the terms of the statute, or by continuation in business after the expiration of the period of grace.

The judgment of the court sustaining the demurrer and dismissing the complaint was correct, and the same is affirmed.