### CREAMERY PACKAGE MANUFACTURING COMPANY

#### *v.* WILHITE.

#### Opinion delivered July 11, 1921.

1. STATUTES—IMPLIED REPEAL.—Where the later of two statutes covers the whole subject-matter of the former, and it is evident that the Legislature intended it as a substitute, the prior act will be held to have been repealed thereby, although there may be no express words to that effect, and there be in the old act provisions not included in the new.

2. BANKS AND BANKING—LIABILITY OF BANK.—Crawford & Moses' Digest, § 683, providing that "any officer of a bank found by the (Bank) Commissioner to be dishonest, reckless or incompetent shall be reported in writing to the directors of the bank of which he is an officer; and if they neglect or refuse to remove such officer they shall be liable for any loss that may accrue to the bank by reason of his dishonesty, recklessness or incompetency", did not intend to absolve directors from their liability for negligent management except as therein provided.

3. BANKS AND BANKING—INSOLVENT BANK—SUIT BY DEPOSITOR.—A complaint by some of the depositors of a bank against the directors and officers of the bank, alleging that their mismanagement had caused its insolvency, is defective in failing to allege that the Bank Commissioner had been requested to sue on behalf of the bank and had failed to do so.

Appeal from Mississippi Chancery Court, Chickasawba District; *Archer Wheatley,* Chancellor; affirmed.

*J. T. Coston,* for appellants.

Bank directors cannot divest themselves of the duty of general supervision and control. 92 Ark. 327. The banking law has not changed this law. Crawford & Moses' Digest, § 702; 141 U. S. 147. Sec. 129 Ark. 416. It is the function of the board of directors to declare dividends. They are presumed to know whether the

bank is solvent. 186 S. W. 1026. They are liable to the extent that dividends were improperly declared. 29 Atl. 207; 85 Atl. 448. They are liable for mismanagement of the bank or theft of its funds by the cashier. Crawford & Moses' Digest, § 683, instead of limiting their liability, enlarges it. See 162 S. W. 611. The cashier was required to give a bond. Crawford & Moses' Digest, §683.

*Little, Buck & Lasley,* for appellees.

The appeal should be dismissed for failure to copy the complaint in full. Directors of a bank are not liable to creditors because they have mismanaged or wasted assets of the bank. 7 R. C. L. 482, 3 L. R. A. (N. S.) 438; 76 Ia. 535; 45 L. R. A. (N. S.) 421; 123 S. W. 47; 71 Am. St. 615; 67 Mo. 256; 36 N. J. Eq. 313; 13 Mo. App. 108; 96 Tenn. 98. If a receiver has been appointed, creditors cannot sue to recover from corporation officers for an injury to the corporation unless the receiver refuses to sue or is one of the alleged wrongdoers. 4 Fletcher, Corp. 2570; 56 Am. Rep. 256; 45 Fed. 13; 63 Fed. 488. It was the duty of the Bank Commissioner to sue for mismanagement of the bank's affairs. No preference was to be secured. The complaint does not allege that a request was made upon the Bank Commissioner to bring this suit. Directors are not liable for dividends declared in good faith. 7 R. C. L. 502.

SMITH, J. The appellants, The Creamery Package Manufacturing Company, J. D. Johnson, and the Grassy Lake & Tyronza Drainage District No. 9, filed a complaint in the chancery court of the Chickasawba District of Mississippi County, which contained the following allegations:

That the Bank of Blytheville, a banking corporation, was on the 10th day of March, 1920, indebted to appellants for money on deposit aggregating over $23,000.

"II. That defendant, J. C. Blaine, was a director and defendant, J. S. Wilhite, a director and president,

and defendant, B. H. Wilhite, cashier, and defendant W. O. Anthony, assistant cashier, of said bank.

"III.   That the defendants, B. H. Wilhite and W. O. Anthony, systematically overdrew and stole from said bank for a period of many years prior to March 10, 1920, in various sums, aggregating about $100,000, and they permitted J. H. Reese and others, known to be insolvent, to overdraw in sums aggregating half a million dollars.

"IV.   That the defendants, J. C. Blaine and J. S. Wilhite, knew, or by the exercise of reasonable, ordinary care as officers in said bank, could have known of the reckless, careless and criminal manner in which the affairs of said bank were being handled by defendants, B. H. Wilhite and W. O. Anthony, and plaintiffs believe and allege that defendant, J. F. Wilhite, did know of the manner in which the affairs of said bank were managed, but defendant Blaine negligently and carelessly failed to give the affairs of said bank any attention whatever, as director.

"V.   Plaintiffs charge said defendants with the following specific acts of negligence:

"1.   That said directors failed and refused and neglected to exercise reasonable care in the management, supervision and control of the affairs of said bank.

"2.   In failing to remove the cashier and assistant cashier after they knew, or by the exercise of reasonable care could have known that said cashier and assistant cashier were dishonest, reckless and incompetent.

"3.   In failing to require sufficient bonds of said cashier and assistant cashier for the faithful performance of their duties.

"4.   Declaring and paying dividends out of the capital of said bank when they knew, or by the exercise of reasonable care could have known, that said bank was insolvent.

"5.   In declaring and paying dividends out of the

capital stock of said bank at times when there were no profits out of which to pay such dividends.

"6. In receiving dividends from said bank when they knew, or by the exercise of reasonable care could have known, that said bank was insolvent.

"7. In receiving dividends when they knew, or by the exercise of reasonable care could have known, that there were no profits out of which to pay same.

"8. In assenting to the reception of deposits and the creation of debts by said bank when they knew, or by the exercise of reasonable care could have known, that said bank was insolvent.

"9. In lending the funds of said bank to individuals and corporations in sums greatly in excess of thirty per cent. of the capital stock of said bank.

"10. In suffering and permitting the depositors of said bank to overdraw their accounts.

"11. In failing to exercise reasonable care and diligence in the collection of overdrafts and other debts due said bank.

"12. In permitting said cashier and assistant cashier to pay out the funds of said bank upon the checks and orders of individuals, firms and corporations which had no deposits with the said bank.

"13. In ratifying overdrafts.

"14. In neglecting to inquire into and ascertain the condition of said bank by periodical audits of the books and accounts of said bank.

"That by reason of the reckless, careless, and unlawful manner in which the affairs of said bank were managed, it became insolvent and was taken over by the State Banking Commissioner, March 10, 1920, and will pay only a small percentage of its indebtedness."

There were allegations that J. C. Blaine and J. F. Wilhite had fraudulently conveyed certain real estate

owned by them, and there was a prayer for judgment for the amount of the deposits and for a decree uncovering the property which had been conveyed in fraud of these creditors. Blaine is a nonresident and was not served. Wilhite is a resident and was served, and there was a prayer against him for a personal judgment.

A general demurrer to this complaint was filed, which alleged a failure to state facts sufficient to constitute a cause of action. This demurrer was sustained and the complaint dismissed, and this appeal is from that order.

The action of the court in sustaining the demurrer is defended upon two grounds. First, that under act 113 of the Acts of 1913 (p. 462) entitled, "An Act for the Organization and Control of Banks, Trust Companies and Savings Banks," commonly known as the banking act, directors and officers of banks have been absolved from the liability here sought to be enforced. Second, that appellants have not alleged sufficient facts to entitle them to maintain this suit.

Appellees concede that under the allegations of the complaint as to the mismanagement of the bank they would have been liable for the results thereof in a proper suit brought prior to the passage of the banking act of 1913. Of this there can be no question. This court, in the cases of *Bailey* v. *O'Neal,* 92 Ark. 327, and *Bank of Des Arc* v. *Moody,* 110 Ark. 39, had occasion to consider the liability of directors and officers of banks for negligent waste and mismanagement; and in the later case of *Bank of Commerce* v. *Goolsby,* 129 Ark. 416, these and many other authorities on the subject were reviewed and the law of the subject so fully stated that no useful purpose would now be served by restating it. The insistence is that the General Assembly, in the banking act of 1913, took up the general subject of banking and there differentiated banks from other corporations and prescribed the liability of the directors and officers of banks, thereby absolving them from any liability on account of the

neglect of duty except such liability as the banking act itself imposed.

This court has, in a number of cases, applied the canon of construction that "where the later of two statutes covers the whole subject-matter of the former, and it is evident that the Legislature intended it as a substitute, the prior act will be held to have been repealed thereby, although there may be no express words to that effect, and there be in the old act provisions not in the new." *Sanderson* v. *Williams*, 142 Ark. 95, and cases cited.

We think, however, this canon of interpretation has no application to the facts of this case. The particular section of the banking act which appellees insist makes the canon of interpretation above stated applicable to the facts of this case is section 19, which is section 683 of Crawford & Moses' Digest. This section provides that the affairs of incorporated banks shall be controlled by a board of directors of not less than three, who shall be selected from the stockholders; and that the board shall select from their number a president and such number of vice-presidents as shall be provided in the by-laws; and may elect a secretary and treasurer and a cashier, all of which may be one and the same person; and may elect assistant cashiers. It is further provided that these officers shall hold their offices for a term of one year and until their successors are elected and qualified unless sooner removed by the board; and that the board shall require of these officers such bonds as are deemed necessary to protect the funds of the bank. It is there further provided that "any officer of a bank found by the commissioner to be dishonest, reckless or incompetent shall be reported in writing to the directors of the bank of which he is an officer, and, if they neglect or refuse to remove such officer, they shall be liable for any loss that may accrue to the bank by reason of his dishonesty, recklessness or incompetency."

We think the language quoted does not place a limitation upon the liability of directors and officers of banks for negligent mismanagement. If such was the case, these officers would be liable only when the commissioner had reported in writing to the directors that an officer of the bank had been found by the commissioner to be dishonest, reckless or incompetent. We think it was not the legislative purpose to absolve directors from liability except in the isolated case mentioned in section 683 of Crawford & Moses' Digest. We think counsel for appellants correctly interprets the act in stating that the legislative purpose was to enlarge the liability of these officers and to impose a liability which did not previously exist.

Prior to the enactment of this act, directors were held only to the exercise of ordinary care and good faith in keeping themselves informed as to the management of the bank. The Legislature was evidently of the opinion that the practiced eye of the Bank Commissioner might be able to discover some significant irregularity which might escape the observation of the less highly trained director. In such case it is the duty of the commissioner to advise the directors that the bank has in its employment a dishonest, a reckless or an incompetent employee, and upon receipt of this official information it becomes the duty of the directors to remove such officer. Failing to do so, the directors are made liable for any loss that may accrue to the bank by reason of the dishonesty, recklessness or incompetency of the person reported upon. In imposing this additional duty on directors we are unwilling to say that the Legislature has absolved them from all other duties for the negligent nonperformance of which they were liable prior to the passage of the banking act.

If such was the purpose of the Legislature, then directors have, for all purposes except to remove an officer upon whom the commissioner has adversely reported, become mere figureheads.

In the case of *Bank of Commerce* v. *Goolsby, supra,*

upon a thorough consideration of the authorities, we accepted the dissenting views of Justice Harlan in the case of *Briggs* v. *Spaulding,* 141 U. S. 132, as correctly defining the duties of bank directors, expressed in the following language: "Again he says: 'When one deposits money in a savings bank, or takes stock in a corporation. thus divesting himself of the immediate control of his property, he expects, and has the right to expect, that the trustees or directors, who are chosen to take his place in the management and control of his property, will exercise ordinary care and prudence in the trust committed to them—the same degree of care and prudence that men prompted by self-interest generally exercise in their own affairs. When one voluntarily takes the position of trustee or director of a corporation, good faith, exact justice, and public policy unite in requiring of him such degree of care and prudence.' "

We do not think a fair interpretation of the banking act supports the conclusion that directors have been relieved of their pre-existing responsibility and liability for negligent mismanagement and left only with the responsibility and liability which follows from the failure to remove an officer adversely reported upon by the Bank Commissioner.

This question was not raised or decided in the case of *Bank of Commerce* v. *Goolsby, supra,* yet it was necessarily presented by the record in that case if the appellees are correct in their interpretation of the banking act. But the eminent counsel representing the directors in that case did not even raise the question. The banking act was approved March 3, 1913, and became effective January 1, 1914. *Davis* v. *Branch,* 133 Ark. 417. The opinion in the case of *Bank of Commerce* v. *Goolsby* was delivered May 28, 1917. The mismanagement in that case commenced in 1911 and extended throughout the year 1914. The directors were held liable, and no attempt was made to distinguish their liability subsequent to the act from their liability prior to the act.

We think, however, that appellees are correct in their second contention that appellants do not state facts in their complaint entitling them to maintain this suit. The allegations of the complaint are that appellants have lost the aggregate sum of $23,000. But they are not the only losers. The complaint further recites that insolvent persons were permitted to overdraw in sums aggregating $500,000, and that the cashier and assistant cashier were permitted to misappropriate $100,000, and that the bank has become insolvent, and was on March 10, 1920, taken over by the State Bank Commissioner, and will pay only a small percentage of its indebtedness.

It thus appears from the allegations of the complaint that the losses sustained by these appellants constitute a comparatively small part of the losses for which the directors are said to be liable; yet it appears that the purpose of this suit by the three depositors who have brought it is to apply to the discharge and satisfaction of the bank's indebtedness to them the liability of the directors for the negligent mismanagement of the bank's affairs; and this without any allegation that the commissioner had been requested to sue and had failed to do so. This they can not do. 4 Fletcher's Cyclopedia Corporations, section 2570, and authorities there cited.

The banking act requires the Bank Commissioner to take possession of all the property of an insolvent bank and "to collect money due it, and to do such other acts as are necessary to conserve its assets and business and shall proceed to liquidate the affairs thereof as hereinafter provided." The commissioner is further given authority to "collect all debts due and claims belonging to it," his proceedings being under the direction of the chancery court. Section 719, C. & M. Digest; *Aber* v. *Maxwell*, 140 Ark. 203; *Greer* v. *Merchants & Mechanics Bank*, 114 Ark. 212.

Appellants say, however, that this rule does not apply here, for the reason that a general demurrer was filed, and he cites section 1190, C. & M. Digest, which provides

that a demurrer shall distinctly specify the grounds of objection to the complaint, and that unless this is done the demurrer shall be regarded as objecting only that the complaint does not state facts sufficient to constitute a cause of action, and the general demurrer does not therefore raise the question of defect of parties. But the trouble with that contention is that there is not a mere defect of parties within the meaning of the statute.

For the reasons stated appellants have failed to show any right on their part to maintain this suit, and for that reason the demurrer to the complaint was properly sustained. Decree affirmed.

McCulloch, C. J., concurs.