DELONY v. DILLARD.

## Opinion delivered February 27, 1922.

1. BANKS AND BANKING—FAILURE TO FILE CERTIFICATE.—Crawford & Moses' Dig., § 1715, providing that the president and secretary of every domestic corporation shall file a certificate with the county clerk annually showing the condition of its affairs, was not, as far as banks are concerned, superseded by the banking act (Crawford & Moses' Dig., §§ 665-728).

2. BANKS AND BANKING—DUTY OF COMMISSIONER TO SUE OFFICERS OF INSOLVENT BANK.—In view of banking act, (Crawford & Moses' Dig., § 719), requiring the Bank Commissioner to take possession of all the property of an insolvent bank and collect all debts due it, a depositor of an insolvent bank was not authorized to sue its president and secretary for failure to file the certificate required by Crawford & Moses' Dig., § 1715, until the Bank Commissioner has been requested to bring such suit, and has failed to do so.

Appeal from Howard Circuit Court; *James S. Steel,* Judge; affirmed.

*W. C. Rodgers,* for appellant.

1. Repeals by implication are never favored. 112 Ark. 437; 92 *Id.* 600; 41 *Id.* 149. There is no such irreconcilable conflict between § 1715, C. & M. Digest, and the banking act of 1913, chap. 15, C. & M. Digest, as to justify holding the latter as having repealed the former by implication.

2. The liability of the president of a corporation for his failure to file the certificate required by law, is a personal liability upon implied contract. 68 Ark. 433. The right of a creditor to sue is the same whether the corporation is solvent or insolvent, and exists whether other creditors, having a like claim, wish to press their demands or not. The Bank Commissioner has not the sole right, nor indeed the right at all, to sue in such case. 91 Ark. 231; 112 Ark. 437; 58 Ark. 407.

*W. P. Feazel,* for appellee.

The banking act of March 3, 1913, repeals § 1715, C. & M. Digest, because it covers the entire field anew

of banking corporations, and was intended to supersede the old statute requiring annual reports, so far as banking corporations are concerned. 68 Ark. 131; 118 *Id.* 375; 142 *Id.* 91; 76 *Id.* 32; 120 *Id.* 530; 92 *Id.* 79; 41 *Id.* 149; *Creamery Package Mfg. Co.* v. *Wilhite,* 149 Ark. 576.

2. If a liability exists on the part of the appellee for failure to file the annual report required by § 1715, C. & M. Digest, it is a liability in favor of all the creditors of the bank whose debts were contracted during such neglect, and no one creditor has the hight to pursue the negligent officer and appropriate his property to the payment of his debt or judgment to the exclusion of other creditors. The Bank Commissioner alone is therefore authorized to bring the suit. *Creamery Package Mfg. Co.* v. *Wilhite,* 149 Ark. 576.

HUMPHREYS, J. This suit was instituted in the Howard Circuit Court by appellant, a depositor in the Bank of Mineral Springs, after it failed and was taken over by the State Bank Commissioner on the 27th day of May, 1921, against appellee, who was the former president of the bank, to recover $1,312.64 and interest, which represented his deposit in the bank at the time it failed, on the ground that appellee, as president of the bank, failed to file a certificate at the time and in the manner required by section 1715 of Crawford & Moses' Digest, showing the condition of the affairs of such bank. Appellee filed an answer, admitting that on the first day of September, 1920, the bank was indebted to appellant in the sum claimed on account of deposits theretofore made; that he was the president of the bank at the time and thereafter until it was taken over by the Bank Commissioner in May, 1921; that he did not file the certificate required by section 1715 of Crawford & Moses' Digest, but denied any liability by reason of his failure to do so, alleging, *first,* that said act was repealed by the banking act of this State which took effect January 1, 1914, (Crawford & Moses' Digest, §§ 665 to 728, inclusive), and, *second,*

that if liable, the right of action passed to the Bank Commissioner alone for the benefit of all creditors who desired to prosecute the action when the bank became insolvent and was taken over by the Bank Commissioner.

The cause was submitted to the court, sitting as a jury, upon the pleadings and evidence, which resulted in a finding that appellant had no right to maintain the suit until the Bank Commissioner refused to bring the same, and in a judgment that the action abate without prejudice, from which finding and judgment is this appeal.

The record reveals that the Bank of Mineral Springs was organized under the laws of Arkansas prior to the year 1910. When organized, appellee became president, and continued to act in that capacity until the bank became insolvent and passed into the hands of the Bank Commissioner. He was acting in that capacity on the 1st day of January, 1920, when appellant first made a deposit in the bank. Neither appellant, as president, nor the secretary of the corporation filed a certificate showing the condition of the affairs of the bank on the first day of January or July of any year after January 1, 1920, in the manner provided by section 1715 of Crawford & Moses' Digest. When the bank failed and passed into the hands of the Bank Commissioner in May, 1921, it owed appellant the amount claimed, as well as a large amount to other depositors.

The first question presented for determination on this appeal is whether section 1715 of Crawford & Moses' Digest, imposing liability on a bank president in favor of a depositor for failure to file a certificate with the county clerk of the county in which the bank is domiciled on or before the 15th of February or August, showing the condition of the affairs of the bank on the first day of January or July of each year was repealed by the general banking act of this State, which took effect January 1, 1914. Appellee's insistence is that the former act was superseded by the latter because a repugnancy existed be-

tween the two statutes requiring the officers to make reports of the condition of the bank. We are unable to discover any repugnancy. The general banking law requires the banks in the State to make at least two reports annually to the Bank Commissioner, and as many additional reports as he may demand, in greater detail than is required of a president and secretary of a bank under section 1715 of Crawford & Moses' Digest. The general banking law also requires that a thorough examination be made of each bank in the State at least once a year, and authorizes the examiner to examine any officer, agent or employee under oath touching the affairs of the bank. The evident purpose in the general banking law of requiring the banks to make reports to the Bank Commissioner, and in authorizing him and his examiners to examine the officers, agents and employees of banks under oath touching the condition of their affairs, was to enable him to discharge his duties in supervising them. The report required to be made by the president and secretary of a bank under section 1715 of Crawford & Moses' Digest is for the special protection of any one desiring to do business with the bank. One desiring to do business with a local bank would have the opportunity of going to the county clerk's office and ascertaining, at any time during the year, the condition of the bank on the first day of January or July, which would be much more convenient than to go to Little Rock to inspect the report filed with the Bank Commissioner. The fact that the reports required under the two acts serve different purposes argues that there was no intention on the part of the Legislature to repeal the former act by the enactment of the latter. Again, the general banking law of the State imposed a liability upon the directors of a bank for failure to remove an officer found by the Commissioner to be dishonest, reckless or incompetent. Crawford & Moses' Digest, § 683. It was contended in the case of *Creamery Package Mfg. Co.* v. *Wilhite*, 149 Ark. 576, that this act repealed, by implication, any

preexisting liability of directors or other officers of banks for negligent mismanagement of the affairs thereof and absolved them from any liability for neglect of their duties save for failing to discharge officers found by the Commissioner to be dishonest, negligent or incompetent. This court ruled that the general banking law enlarged, rather than limited, the liability of directors and officers of banks for negligent mismanagement. We can see no good reason why the general banking law should be construed to enlarge the liability against directors and officers in one instance for neglect and to absolve officers from liability for neglect in other particulars.

The last insistence of appellant is that the court erred in holding that he could not institute and prosecute this suit after the corporation became insolvent. It is argued that, under § 1715 of Crawford & Moses' Digest, the right was accorded to a creditor or depositor to sue the president of the bank upon his failure to file the required certificate with the county clerk immediately after the bank became indebted to him, irrespective of the solvency or insolvency of the bank. In other words, the insistence is made that the liability fixed by the statute is personal to the creditor, and not a liability in favor of the corporation. This would be true if it were not for the general banking act in this State which took effect on the first day of January, 1914. The purpose and intent of that act, however, was and is that in case of the insolvency of the bank the Bank Commissioner of the State should take immediate charge of the failing bank and wind up all the affairs thereof under the supervision of the chancery court. The general banking act was given this interpretation in the case of *Creamery Package Mfg. Co.* v. *Wilhite, supra.* In that case this court said: "The purpose of this suit by the three depositors who have brought it is to apply to the discharge and satisfaction of the bank's indebtedness to them the liability of the directors for the negligent mismanage-

ment of the bank's affairs; and this without any allegation that the Commissioner had been requested to sue and had failed to do so. This they cannot do.'' Applying the rule thus announced to the instant case, appellant should have requested the Bank Commissioner to bring the suit for his benefit, and the Bank Commissioner should have brought it for appellant and other creditors of the bank to whom the president was liable, and who desired him to do so.

No error appearing, the judgment is affirmed.

McCULLOCH, C. J., (concurring). I think that the judgment should be affirmed, not for the reasons stated in the opinion of the majority, but on the ground that there has been a repeal, by implication, of the statute under which liability of appellee is sought to be imposed. I disagree with each of the conclusions of law announced in the opinion of the majority as to the repeal of the statute and the right of a creditor to maintain an action in his own behalf

On the first question I can add but little to what was said in my dissenting opinion in the recent case of *Creamery Packing Co.* v. *Wilhite,* 149 Ark. 576, except to say that the present case presents much stronger reasons for holding that there has been an implied repeal of the statute than in the former case, where the point was whether or not there was a repeal of the statute imposing liability for mismanagement or neglect.

In the present case we have under consideration the question of repeal of the old statute which imposed a duty with respect to publicity concerning the affairs of all corporations, and the question is whether or not the duty thereby imposed has, so far as concerns banking corporations, been swallowed up in the new and more comprehensive duties imposed by the banking statute. It is a case of implied repeal by substitution and not by reason of repugnance. It falls within the rule announced in a recent case as follows: ''Where the later

of two statutes covers the whole subject-matter of the former, and it is evident that the Legislature intended it as a substitute, the prior act will be held to have been repealed, although there may be no express words to that effect, and there be in the old act provisions not in the new." *Sanderson* v. *Williams,* 142 Ark. 91.

The old statute was a part of the act of April 12, 1869, and applied to all business corporations. It required the president and secretary of every corporation to annually make and file with the county clerk a statement of the affairs of the corporation showing the amount of the capital stock actually paid in, the value of the real estate and personal property, the cash value of all credits and the amount of debts and the name and number of shares of each stockholder. The statute imposed on the president and secretary liability, on account of failure or neglect to file such report, for all debts of the "corporation contracted during the period of any such neglect or refusal."

The banking statute provides that the Bank Commissioner shall at least twice a year call for a report from each bank, showing the amount of its paid-up capital, surplus, net and undivided profits, deposits, bills payable or bills rediscounted and all other liabilities, the amount loaned on real estate, notes, bills of exchange, overdrafts, bonds and other securities, the amount invested in real estate for banking premises and other real estate, cash on hand and on deposit in other banks subject to check, "together with all other information that the Commissioner may require." The Bank Commissioner is authorized to make all necessary rules and regulations to carry out the purposes of the statute; and a section of the statute (Crawford & Moses' Digest, sec. 707) requires publication of the reports made to the Commissioner. We must take notice of the notorious custom, pursuant to the requirement of the Bank Commissioner, of publishing these reports in local newspapers where the banks are doing business—and this was reasonably within the

contemplation of the framers of the statute when they gave authority to the Bank Commissioner to make regulations. Now, what more can be thought of in the way of publicity of the affairs and financial condition of banks? It far exceeds in effectiveness the requirements of the old statute. It necessarily supersedes the old statute so far as the banking business is concerned.

This is the construction placed upon the statute by the Bank Commissioner under an official opinion given by the Attorney General.

The banking statute was approved by the Governor on March 3, 1913, and by its terms went into effect on January 1, 1914, and the opinion of the Attorney General, which was rendered on January 20, 1914, and immediately acted upon by the Bank Commissioner in its control over the banks, constituted substantially a contemporaneous interpretation of the new statute. The Attorney General in his opinion said:

"Act 113, approved March 3, 1913, creating the State Bank department, seems to cover the whole business of the creation and operation of banks. Our Supreme Court has held that where a subsequent act covers the whole subject on which it legislates, it repeals all former laws on the same subject. Inasmuch as the banking act referred to above requires the banks to file two or more statements every year with the State Bank Commissioner and covers the whole subject of banking, it seems to me that the law as contained in section 848 of Kirby's Digest, is repealed so far as banking corporations are concerned. Of course, it is still in force as to all other corporations." Report of Attorney General Moose, 1913-14, p. 186.

It seems equally clear to me that, if the old statute has not been superseded by the later banking statute with respect to this requirement, each creditor has an independent right of action against the officers of the bank for failure to file the required certificate with the

county clerk—a creditor whose debt was contracted during the period of delinquency. It is not a liability to the bank itself for which a receiver may sue, but is a primary liability to the individual creditor who has suffered loss by reason of the delinquency. *Beekman Lumber Co.* v. *Ahern,* 75 Ark. 107; *Jones* v. *Harris,* 90 Ark. 51; *Steele* v. *Hughes,* 104 Ark. 517.

I think the rule announced in *Creamery Packing Co.* v. *Wilhite, supra,* is not applicable, for that decision was based on the statute which created liability for negligence of the directors in the management of the bank, and the loss which resulted therefrom was common to all the creditors in proportion to their claims. It is different with the statute now under consideration, for that only imposes liability in favor of a particular creditor whose debt was contracted during the period of delinquency. The fact that one or more creditors who have suffered loss may by diligence sue and recover judgment and exhaust the assets of the delinquent officers to the exclusion of the opportunities of others who may sue later, affords no reason why the receiver should sue for all, instead of each creditor suing for himself. This is true of any collector's suit, and affords no reason why the first who sues should not reap the reward.

Mr. Justice Wood concurs in these views.