CARTWRIGHT *v.* DENNIS.

Opinion delivered April 7, 1924.

1. SUBSCRIPTIONS—AUTHORITY TO SIGN.—Where defendant author-
ized a solicitor to sign his name to a subscription for the benefit
of a high school, such authorization constituted a signature by
him.

2. SUBSCRIPTION—MISREPRESENTATION AS DEFENSE.—Where the
defense in an action on a subscription to establish a high school
was that defendant signed on the representation that it was
proposed to establish a college, and there was evidence that
defendant knew that the intention was to establish a high school,
although the solicitor had employed the word "college" in procur-
ing the subscription, whether the subscription was procured
through a misapprehension *held* for the jury.

3. APPEAL AND ERROR—PRESUMPTION FROM ABSENCE OF INSTRUCTIONS.
—Where instructions are not set out in the briefs, it will
be presumed that the cause was submitted under proper instruc-
tions.

4. SUBSCRIPTIONS—RIGHT OF ACTION.—In an action to collect an
installment due on a subscription contract for the benefit of an
academy, in the absence of an allegation showing that plain-
tiffs had such an interest as entitled them to sue, they had no
right of action.

5. PARTIES—RIGHT TO SUE—GENERAL DEMURRER.—A general demurrer
is sufficient to raise the question of the right of plaintiffs to sue.

6. APPEAL AND ERROR—QUESTION NOT RAISED BELOW.—Where the
question as to plaintiffs' right to sue was not raised at the trial
by general demurrer or otherwise, the question cannot be raised
on appeal.

Appeal from Boone Circuit Court; *J. M. Shinn,*
Judge; affirmed.

*E. G. Mitchell,* for appellant.

1. The plaintiffs below were not the real party in
interest, and had no right to sue. The church did not
sue. C. & M. Digest, § 1089.

2. There can be no contract without a mutual agree-
ment. The minds of the parties must meet in mutual

assent and agreement upon the subject-matter of the contract. 13 C. J. 263, and authorities cited; 191 S. W. 234; 86 Ark. 97, 109 S. W. 1178.

*Shouse & Rowland,* for appellee.

SMITH, J. This suit was brought by Sam Dennis and others, "acting for the Valley Springs Academy, of Valley Springs, Arkansas," to collect an installment due on a subscription contract for the benefit of that institution which had been signed by the defendant Cartwright and a number of others. The defendant resisted payment on the ground that he made his subscription upon the representation that it was proposed to build a college, whereas the promoters of the enterprise did not intend to erect a college, and had not done so, but had only promoted an academy doing four years high-school work.

The testimony shows that the Methodist Episcopal Church South contemplated establishing a high school in North Central Arkansas, and sought to interest citizens who desired its location in their community, to the end that subscriptions to secure its location might be offered. Citizens of Valley Springs became interested in the project, and committees were appointed to solicit subscriptions. Considerable interest was aroused, public meetings were held, and news items concerning it appeared in the local newspapers. According to the testimony on behalf of the plaintiff, the plan of the church was repeatedly stated and generally understood, and the institution established conformed to that plan.

Among others who subscribed was the defendant Cartwright, who made a subscription of $250, payable in annual installments, and this suit was brought to collect one of the past-due installments. Cartwright's subscription was solicited by Dr. J. I. Jackson and Dock Wilson, who were members of the committee designated for that purpose. When Cartwright was approached by these members of the committee, he was engaged in digging a cistern, and was standing in the excavation, which was about five feet deep. Cartwright testified that Dr. Jack-

son was the spokesman, and stated that the subscription was being taken to erect a college, and that he subscribed on that condition.

Dr. Jackson admitted that he used the word "college," but stated that he did this in explaining the purpose of his visit, rather than the character of the institution, and that, when he employed this word, Wilson corrected him and referred to the institution as an academy or a high school, and that Cartwright directed him to sign his name to the subscription list for $250. This list was lost by Dr. Jackson before he returned home, but there was no question about Cartwright having authorized the signing of his name, nor is there any question about the amount of the subscription. This authorization constituted a signature by Cartwright. *Lipscomb* v. *Blanz, ante* p. 1.

Cartwright testified that his hearing is defective, but he did hear Jackson say the subscription was for a college, and that he did not hear any correction of that statement, and Wilson testified that Jackson did refer to the institution as a college, and that he had no recollection of correcting the statement.

A witness named Keeling testified that he discussed the project with Cartwright, and that he attended a public meeting called to consider it, at which a representative of the church explained fully the plan to build a four-year high school. Before attending this meeting Cartwright asked witness to attend and to report what the plans were, and he did so, and explained the matter fully to Cartwright, and, if this testimony is true, Cartwright knew that it was not proposed to build a college, although Dr. Jackson had employed that word in soliciting his subscription; at least it was a question for the jury whether Cartwright had signed the subscription list through misrepresentation, or because of a misapprehension induced by the language employed by Dr. Jackson while soliciting his subscription.

The instructions are not set out in the briefs, and it will therefore be conclusively presumed that the cause

was submitted to the jury under proper declarations of law, and, as the jury might have found from the testimony that there was no misrepresentation, the verdict against Cartwright is conclusive of that question.

It is insisted that the plaintiffs have no such interest in the litigation as entitle them to maintain this suit, and that the court erred in overruling the demurrer filed in the cause. After a careful examination of the record we find no showing that a demurrer was ever filed. If one was filed, it does not appear from the record, and the judgment of the court contains no reference thereto.

It does not appear from the complaint just what interest the plaintiffs had in the cause of action, except the recital in the caption, and the complaint was demurrable on that account. In the absence of some allegation showing that the plaintiffs had a recoverable interest in the subject-matter, they had no right to sue.

We have held that, while a general demurrer does not raise the question of a mere defect of parties, it does raise the question of the right to sue at all, that is, that proper parties have not sued. *Henry* v. *Knights and Daughters of Tabor,* 156 Ark. 165; *Creamery Package Mfg. Co.* v. *Wilhite,* 149 Ark. 576; *Deloney* v. *Dillard,* 152 Ark. 159.

A general demurrer would therefore have been sufficient here to raise the question of the right of the plaintiffs to sue at all, but, as we have said, it does not appear that a demurrer, either general or special, was filed.

The question arises therefore, whether the judgment must be reversed because it does not appear from the face of the complaint what interest the plaintiffs had in the cause of action. We think this question cannot properly be raised here for the first time. It is conceivable that the plaintiffs, as members of the soliciting committee, had an interest in or an obligation in regard to the subscription list which they delivered to the representatives of the church, and in consideration of which the academy was located in Valley Springs, which would have made them proper parties at least to a suit to

enforce the subscription contract, and, if this question had been raised in the court below, that showing might have been made.

In the case of *Robinson* v. *Insurance Co.*, 51 Ark. 441, it was insisted that the plaintiff, a foreign corporation, could not maintain the suit because it had not complied with the laws of this State relating to foreign corporations doing business in the State. The point was raised for the first time on appeal, and the court, in disposing of the question, said: "No such objection was made in the circuit court, and an objection to the ability of a plaintiff to prosecute an action will not be entertained in this court if not made below."

In the case of *Arkansas Road Construction Co.* v. *Evans*, 153 Ark. 142, it was held that a defect of parties is waived unless objection to the complaint on that account is raised in the court below, either by answer or by special demurrer for that purpose, and, as the point does not appear to have been raised in the court below, it cannot be raised here for the first time. *Driver* v. *Lanier*, 66 Ark. 126; *Hadley* v. *Bryan*, 70 Ark. 197; *Kraft* v. *Moore*, 76 Ark. 391; *Paris Mercantile Co.* v. *Hunter*, 74 Ark. 615; *St. L. I. M. & S. R. Co.* v. *Watson*, 97 Ark. 560; *Kansas City Sou. Ry. Co.* v. *Crossen*, 103 Ark. 613.

No error appearing, the judgment is affirmed.