## DRIVER *v.* LANIER.

### Opinion delivered January 21, 1899.

1. APPEAL—MOTION TO DISMISS.—Where a receiver brought a suit under order of the court which appointed him, and appealed from an order dismissing such suit, the supreme court will not entertain a motion to dismiss such appeal upon the ground that, before such appeal was prayed or granted, he had been discharged as receiver in the suit in which he was appointed if no proof of such discharge was made in the trial court in the suit appealed from, nor any attempt made to take advantage thereof. (Page 133.)

2. IDENTITY OF NAME—PRESUMPTION.—Where one of the defendants in a suit brought by a receiver has the same name as one of the defendants in the suit in which the receiver was appointed, it will be presumed, in the absence of any contrary showing, that the same person is defendant in the two suits. (Page 133.)

3. RECEIVER—POWERS.—Where a receiver is appointed by the court to collect certain notes, he alone, until he is discharged, is qualified to bring suit to enforce their collection. (Page 134.)

Appeal from Mississippi Circuit Court in Chancery.

FELIX G. TAYLOR, Judge.

*Watson & Fitzhugh*, for appellant.

It was error to make Lanier a party defendant, upon his own motion, over the objection of the complainant. 17 How. 15; 6 Blatchf. 118; *ib.* 151; 4 Hen. & M. 483; 71 Miss. 1017; 1 Dan. Ch. Pl. & Pr. 287, note 2; 2 Tenn. Chy. 140; 49 Ark. 103; 6 Am. & Eng. Enc. Law, 744, note 7. There was no necessity of making him a party, since the receiver was a trustee for the parties really entitled to the fund. 20 Am. & Eng. Enc. Law, 11–14, 110, 126, 137, 158–9. Lanier was neither a necessary nor a proper party in the suit by the receiver, and it was error to allow him to file his cross-bill. 28 Ark. 152. The receiver had the right to appeal. 80 Fed. 972–3.

*Chas. T. Coleman*, for appellee.

A court can not take judicial notice of its own records in a different case from that on trial. 44 S. W. 1034; 31 Cal. 215; 14 Ia. 131; 13 Bush, 419; 61 Mo. 76; 91 U. S. 521; 24 Cal. 73; 67 Wis. 648; 26 Mo. App. 226; 54 Ia. 557; 91 N. C. 78; 19 Mo. 674; 78 Ia. 482. Nor of the pendency of another action before it, involving the same matter. It must be pleaded. 31 Cal. 215; 24 Cal. 73; 14 Ia. 131; 19 Mo. 674; 26 Mo. App. 226; 67 Wis. 648; 91 N. C. 78. Nor will a court take notice, without evidence, of any correction between a former case and one on trial. 61 Mo. 76. There was no error in making Lanier a party. He had an interest in the note, and was entitled to be made a party. It does not matter that he filed a "cross-bill." Its effect was that of an interplea. 45 S. W. 137. The answer being withdrawn, no plea of estoppel is before the court. It could not be raised

on motion to strike. The receiver, having been discharged by the court before the appeal was taken, had no right to appeal. His discharge is admitted, and no proof is necessary.

BATTLE, J. On the 22d day of January, 1894, John B. Driver, as receiver, commenced this action against J. R. Riggans; and, on the 14th of September, 1894, by amendment to his complaint, made F. R. Lanier, Jr., W. H. Grider and Roger Sherman, parties defendant to the same. He commenced his complaint as follows: "The plaintiff, John B. Driver, as receiver herein, appointed by the Honorable J. E. Riddick, judge of this court, in chambers, and directed to collect and hold, subject to the orders of the court, the notes hereinafter described, states;" and then alleged as follows: That on the 25th day of January, 1888, Felix R. Lanier sold and conveyed to the defendant, Riggans, the following tract of land, situate in the county of Mississippi, and state of Arkansas, to-wit, the southwest quarter of thirty-five, in township twelve north, and in range ten west, at and for the sum and price of $640, in consideration of which Riggans executed to Lanier, the vendor, his five promissory notes for the purchase money and interest; and Lanier conveyed the land to Riggans; and Riggans conveyed it to F. R. Lanier, Jr., W. H. Grider, and Roger Sherman, in trust, to secure the payment of his notes, which were given for the purchase money. He then states, obviously in part to explain the reason and object of the appointment of him receiver, as follows: "Plaintiff further states that, owing to the title to the said land becoming involved and in dispute in the litigation now pending in this court in the cause of M. E. Graham, executor, et al., against Felix R. Lanier, The American Freehold Land Mortgage Company, of London, Limited, The Corbin Banking Company, The Union Mortgage, Banking & Trust Company, Limited, of London, England, et al., the defendant herein failed, neglected and refused to pay off any of said purchase notes and interest, and this in the face of the fact that all of the parties above named recognize and treat as absolutely valid and binding the sale made to defendant by Lanier. So that in no event nor contingency can the defendant fail to secure a good title (in fact there is no contest,

except as to the proceeds of the said sale), and the court, by proper orders and decrees, has taken upon itself to protect, not only the defendant, but all of the adverse claimants of the purchase money, by ordering it paid into court until all of the respective claims to the same can be settled and finally adjusted, a matter which does not affect nor prejudice the rights of the defendant herein, because the court will decree to him a perfect title to the land, when the purchase money is paid into court, as the court has ordered that it shall be done." He then asked the court to order the land to be sold to pay the notes, and for general relief.

On the 9th day of May, 1894, Riggans filed his answer, which he commenced as follows: "The answer of J. R. Riggans to the bill of complaint exhibited against him in this honorable court by John B. Driver, as receiver, appointed herein by this honorable court in the case of M. E. Graham, executor, et al., against Felix R. Lanier, et al., now pending and undetermined, and the cross-bill of J. R. Riggans against John B. Driver, as receiver, The American Freehold Land & Mortgage Company of London, Limited, The Union Mortgage Banking & Trust Company of London, Limited, both of the last-named defendants being corporations created under the laws of Great Britain, having their principal place of business in the city of London, in the Kingdom of Great Britain, James H. Watson, as trustee, a citizen of the state of Tennessee, The Corbin Banking Company, domiciled in the city and state of New York, Austin Corbin, W. G. Wheeler and F. W. Dunton, the last-named three being non-residents and citizens of the state of New York, and Joseph C. Clarkson, trustee, a citizen of the state of Tennessee,"—and then admits as follows: "It is true that this honorable court did appoint the complainant as such receiver herein, as alleged, and it is also true that this respondent executed the deed of trust and the notes set out in the complaint; * * * * that it is true, as alleged, that respondent did fail and refuse to pay to the Corbin Banking Company, The Union Mortgage Banking & Trust Company, James H. Watson, as trustee, and to all of the defendants herein and above named, any part of

the purchase money for the said lands;" and for a defense alleged: "And he says that none of the defendants ever had any right, title, or interest in and to the said notes, because respondent says that he is advised, informed, believes, and so charges the fact to be, that the assignment of the purchase notes was made in furtherance of au usurious and void contract for the forbearance of money in contravention of the constitution and laws of Arkansas, and is void, and conferred no right whatever on any of the said defendants to implead this defendant, and no right whatever to subject the interest of this respondent in the lands in question to the payment and satisfaction of any claim or amount set up by any one and all of the said defendants to the purchace notes or to the lands in question as an asset to satisfy the same.  *  *  *  Respondent further states that the notes in question are indorsed by F. R. Lanier, as collateral security for a usurious debt, and that plaintiff cannot have and maintain his action in any event without suing in Lanier's name for the use and benefit of the assigns; that the legal title is in Felix R. Lanier, Jr., as trustee, who is an indispensable party, and is not made a party."

On a subsequent day Felix R. Lanier, on his motion, was made a party defendant in this action; and on the 11th day of March, 1895, filed an answer, which he made a cross-bill, and admitted therein that he sold the land to Riggans, for the consideration, and received from him his notes for the purchase money and a deed of trust to secure the same, as alleged in the complaint of Driver. He does not deny the appointment of Driver as receiver and his authority to bring this action under the appointment. But he says he contracted for and secured many loans for large sums of money from The Corbin Banking Company; that these contracts and loans were usurious and void; that the notes and deed of trust sued on in this action were pledged by him with The Corbin Banking Company as a security for payment of the loans; that The Corbin Banking Company transferred the contracts for loans and the notes and deed of trust to the Real Estate Mortgage Company of the county of Cumberland, Maine, which transferred them to The Union Mortgage, Banking & Trust Company of London, England, which is now the holder thereof; and that he had fully

paid his indebtedness to The Corbin Banking Company at the time of the transfer to the Real Estate Mortgage Company.

On the 5th day of December, 1895, the receiver filed a motion to strike the answer and cross-bill of Lanier from the files of this action, upon the ground that Lanier is a defendant in the suit in which he was appointed receiver. This motion was afterwards denied by the court, to which Driver excepted.

On the 7th day of December, 1895, Lanier filed an amendment to his cross-bill, by which he made The Corbin Banking Company, The Real Estate Mortgage Company of the county of Cumberland, Maine, E. B. Hinsdale, and The Union Mortgage, Banking & Trust Company of London, Limited, defendants to the same; and asked that the deed of trust executed by Riggans be foreclosed under a decree in his favor, and for a judgment against Riggans for any part of his notes remaining unpaid after the proceeds of the sale of the land under the decree of foreclosure have been appropriated to the payment thereof.

On the 6th day of May, 1896, the Union Mortgage, Banking & Trust Company demurred to the cross-bill of Lanier, which was by the court overruled; and the demurrant refused to plead further.

An order was made by the court in this action, which bears no date, but appears in the transcript after the order overruling the demurrer to Lanier's cross-bill. By it the court ordered "that the cases of John B. Driver, receiver, against Martha Ferguson, et al., James Keyler, et al., George Joiner, Dilcey Pierce, et al., Morris & Jackson, Eli Jones, Alex Gable, Joshua B. Dillingham, Addison Tole, J. H. Myers, et al., George Thomas, et al., E. M. Geter, et al., T. A. Barton, et al., and William Williams," thirteen cases in all, which were pending in the Mississippi circuit court on the equity docket, the same court in which this action was at the time pending, be tried with and abide the determination of the issues in this action, and the final decree rendered herein shall be entered in the same.

On a day not shown in the record in this court, a final decree was rendered, in which it is stated that this cause was heard "on the bill of the receiver herein and the answer and

cross-bill of F. R. Lanier;" and that the court found that the notes of the defendant, Riggans, sued on herein, were payable to F. R. Lanier; that Lanier pledged them to the Corbin Banking Company, as collateral security for certain loans from the Banking Company to Lanier; that the notes were pledged "by a special and restrictive indorsement on each, which destroyed their negotiability;" that the Banking Company wrongfully attempted to transfer the notes to the Real Estate Mortgage Company of Maine, which likewise attempted to transfer them to the Union Mortgage, Banking & Trust Company, one of the parties to this action; that the attempted transfers did not pass the title; that the indebtedness of Lanier to the Banking Company was fully paid by Lanier before the attempted transfers; that the notes are the property of Lanier; that there is now due from Riggans to Lanier, on the notes, $1,012.37; and that the notes are secured by a deed of trust, as stated in the receiver's complaint. Upon these findings, the court ordered "that the bill of the receiver be dismissed, and said receiver be discharged from this suit," and that Lanier recover from Riggans the $1,012.37, and that the land described in the deed of trust be sold; to all of which findings and decree John B. Driver, receiver, and the Union Mortgage, Banking & Trust Company excepted at the time, and prayed an appeal to this court, which was granted.

On the second day of March, 1897, the appeal was completed by the filing of an authenticated copy of the record in the action in this court. On the 13th of December, 1897, Felix R. Lanier, appellee, moved to dismiss the appeal of Driver, because he was discharged as receiver by the court in the suit in which he was appointed before his appeal was prayed or granted. To prove the truth of his motion, he filed a certified copy of what purported to be an order made by the Mississippi circuit court, in equity, on the 10th of December, 1896, in the action of M. E. Graham et al., against Felix R. Lanier et al. and F. R. Lanier, cross-complainant, against Union Mortgage, Banking & Trust Company, discharging John B. Driver, who had been appointed receiver therein, because he had fully discharged the duties of such receiver, and there was no further need of his services in that capacity.

We have found it necessary, on account of defective plead-
ings and an imperfect record, to state the facts in the manner
we have. This was necessary to show the undisputed facts in
the case, and the manner in which they appear, and the rea-
sons upon which we have based our conclusions as to the facts
in the case.

From this statement we find the complaint of John B. Driver,
as receiver, substantially alleges that he was appointed such re-
ceiver in M. E. Graham, Executor, against Felix R. Lanier,
The American Freehold Land Mortgage Company, of London,
Limited, the Corbin Banking Company, The Union Mortgage,
Banking & Trust Company, Limited, of London, England, et al.,
and was ordered to collect the notes sued on in this action, and
hold the proceeds of his collection, subject to the orders of the
court, for the purpose of protecting, among others, the adverse
claimants of said notes. These facts were expressly or impliedly
admitted by Riggans and Lanier in their respective answers.
They are not denied by any party to the action, and are undis-
puted facts. Lanier admits that the notes were executed to him,
and alleges that he transferred them to The Corbin Banking
Company, as collateral security, and that they transferred them
to the Real Estate Mortgage Company, of the county of Cum-
berland, Maine, and they transferred them to The Union Mort-
gage, Banking & Trust Company of London, England, which
is now the holder thereof, but that they lawfully belonged to
him, thereby showing, in connection with the undisputed facts
above stated, that he and the last-mentioned company are the
adverse claimants of the notes in the suit in which Driver was
appointed receiver. The allegations of his answer and cross-
complaint preclude the idea that there were any other claimants.

The cause was heard upon the complaint of Driver, as re-
ceiver, and the answer and cross-complaint of Lanier, and the
complaint of the receiver was dismissed, and he was discharged
from this action; to which Driver, as receiver, at the time ex-
cepted and prayed an appeal. The discharge of the receiver
was not pleaded or set up as a matter of abatement or defense
in this action, as shown by the record.

If the receiver was discharged before the appeal of Driver
was prayed for or granted. the presumption is that he was dis-

charged before the final decree was rendered, and while this action was pending in the circuit court, because he (Driver) excepted and prayed an appeal at the time the decree was rendered, and no time intervened between the decree and the prayer for the appeal in which an order could have been made. In that case appellee could have taken advantage of the discharge while the action was pending in the circuit court. But he failed to do so. The cause was heard and finally disposed of by the circuit court upon the theory that Driver was receiver. He (Lanier) cannot avail himself of it in this court, and it would be manifest injustice to the parties in this and thirteen other cases, for whose protection he was appointed, to allow him to do so. *McDonald* v. *Hooker*, 57 Ark. 632; Elliott, Appellate Procedure, § 489, *et seq.*

The appointment of John B. Driver, receiver, in an action in which M. E. Graham, executor, et al., were plaintiffs and Felix R. Lanier, The Corbin Banking Company, The Union Mortgage, Banking & Trust Company, Limited, of London, England, and others were defendants, is unquestioned. The presumption is that it was a valid appointment, and that the notes sued on were involved in litigation in the action in which the appointment was made. The notes being in the hands of the receiver, the presumption is that he was lawfully in possession. Lanier, in his answer and cross-complaint, does not undertake to show that this possession is unlawful, but admits that the notes were executed to him, and for the consideration as stated in the complaint of the receiver, and alleges that they were transferred to The Corbin Banking Company, and the Union Mortgage, Banking & Trust Company, Limited, of London, England. Felix R. Lanier and companies bearing the same names as the two last-mentioned companies were defendants to the action in which the receiver was appointed. The presumption, under the circumstances, is that Felix R. Lanier, who was a party defendant in this and that action, was the same person. This presumption is not rebutted, so far as we have discovered, by a single allegation in any of the pleadings in this action. We therefore conclude that he is the same person.

Driver, by virtue of his appointment, succeeded, for the purposes of litigation, to all the rights which Lanier had to the

notes in controversy, as well as to all rights thereto of all the other parties to the action in which he was made receiver, and he, under the orders of the court, and no other person, until he was discharged, could maintain an action to enforce such rights. High, Receivers (3 Ed.), §§ 201, 205; *Davis* v. *Ladoga Creamery Co.,* 123 Ind. 222, and cases cited. And, under the statutes of this state, he can sue in his own name. Sand. & H. Dig. § 5968.

The order making Lanier defendant in this action, and the final decree of the circuit court, are therefore reversed, and the cause is remanded, with directions to the court to dismiss the cross-complaint of Lanier and strike his answer from the files in this action, and for other proceedings consistent with this opinion.

BUNN, C. J., absent; RIDDICK, J., disqualified.