## St. Louis, Iron Mountain & Southern Railway Company
### *v.* Watson.

#### Opinion delivered February 13, 1911.

1. Parties—defect of—waiver.—While an action to recover damages for negligence resulting in death, in default of administration, should be brought by all the heirs, the error of suing on behalf of a portion of them will be waived unless raised in the lower court. (Page 562.)

2. Railroads—discovered peril—question for court.—Where there was no evidence tending to prove negligence on the part of a railroad company in failing to stop its train after discovering the perilous situation in which decedent's negligence had placed him, it was error to submit such question to the jury. (Page 563.)

3. Same—discovered peril—burden of proof.—Where a person killed by a railroad train was himself guilty of contributory negligence, the burden is upon those who seek to recover for his killing to show that the trainmen discovered his perilous position in time to avoid injuring him and negligently failed to use proper means to accomplish that end. (Page 564.)

Appeal from Boone Circuit Court; *Brice B. Hudgins,* Judge; reversed.

*W. E. Hemingway, E. B. Kinsworthy, Horton & South* and *James H. Stevenson,* for appellant.

1. Up to the point when deceased was struck, this case is a typical one of contributory negligence. One who of his own choice attempts to cross a railroad track ahead of a train which he knows is near and approaching, and is injured in the attempt is guilty of such contributory negligence as will bar a recovery. 54 Ark. 431.

2. There is no warrant, either by statute or common law, for an action by two out of ten heirs at law for their own benefit, founded on loss of support and training during minority, occasioned by the death of the father by wrongful act of the defendant. 4 Sutherland on Damages, § 1259; Kirby's Dig. § § 6289, 6290; 53 Ark. 117, 127.

3. Where contributory negligence of the injured party appears from his own testimony, and he relies upon the doctrine of discovered peril, the burden is on the plaintiff to prove that the peril of the injured party was discovered in time to have prevented the injury by the use of ordinary or reasonable care, and that there was a reckless disregard of his safety and failure to

use such care after such peril was discovered. 69 Ark. 380; 77 Ark. 401.

4. The court erred in charging the jury in effect that the appellant would be liable if they found that, in removing the engine from over the body of Watson, "any part of said engine in so moving struck said Watson and was the cause of his injuries, and that said injuries contributed to his death.' Deceased was a trespasser, and the measure of appellant's duty to him was not to wilfully or wantonly injure him. 3 Elliott on Railroads, § § 1253, 1254; 52 Ark. 120; 61 Ark. 617; 36 Ark. 41; 49 Ark. 257; 50 Ark. 477, 483; 47 Ark. 497; 69 Ark. 380; 76 Ark. 10; 83 Ark. 302.

5. The sixth instruction, placing the burden on the defendant to show that it used reasonable care, etc., after discovering the peril of deceased, is clearly not the law. 69 Ark. 380, 382; 86 Ark. 306; 82 Ark. 522; 83 Ark. 300.

*Guy L. Trimble,* for appellees; *G. J. Crump* and *E. G. Mitchell,* of counsel.

1. As to whether or not the evidence is sufficient to sustain the verdict, the court on appeal will draw the strongest inference in favor of the verdict that it is warranted in deducing from the evidence. 74 Ark. 478; 67 Ark. 399.

2. No question was raised in the lower court of appellee's right to maintain this suit, and that question can not be raised here for the first time. 71 Ark. 242; 26 Ark. 660; 70 Ark. 197; 64 Ark. 305; 43 Ark. 34.

3. The fourth instruction is right. The proof shows that appellant negligently removed the engine from over the deceased, and the question whether it was negligently done was by the instruction submitted to the jury. 69 Ark. 383; 93 Ark. 461; 46 Ark. 523.

4. The sixth instruction when considered in connection with the fifth given for plaintiffs and the sixth given for defendant, correctly declares the law. Deceased was attempting to cross the track at a public crossing, and was therefore not a trespasser. 93 Ark. 24. The instruction merely places the burden on the defendant where the peril is discovered in time to have prevented the injury. 62 Ark. 239; 46 Ark. 523; 74 Ark. 478.

McCulloch, C. J.    This is an action instituted by the children of William Watson, deceased, as heirs at law of said decedent, to recover damages resulting from the killing of said decedent by one of defendant's passenger trains at Bergman, Ark., on June 27, 1907.    The plaintiffs alleged in their complaint that Watson was a widower at the time of his death; that he died intestate, leaving them as his only heirs at law, and that there has been no administration on his estate.

Watson intended to board a passenger train at Bergman, and as it came to the station he attempted to cross the track in front of the approaching engine, so as to get to the place where he could board the train when it stopped. The cow catcher or pilot of the engine struck him as he attempted to pass in front of it, and he fell over it and was carried along a considerable distance—probably 100 or 150 feet, when he rolled off, and was drawn under it and carried about 30 feet further. The train came to a stop, and the engine was backed, so as to get him out, and he was found to be badly injured, and died in about two hours.

The surgeon who was called and saw him immediately after the engine was moved from over him described his injuries as follows: "I found a dislocation of the right hip, and the femur pushed up into his bowels; a dislocation of the exterior end of the clavicle, and it pushed up into his throat; contusions and lacerations about the face and head, and a laceration in the thick muscle part of the thigh, the muscles being torn loose. It was simply a mashing and tearing of the muscles, like you would take a board and saw across the leg, and the openings were filled with cinders, which were ground in until I could not wash them out."

During the progress of the trial, the action was dismissed as to all the plaintiffs except Annie and Lee Watson, this being done, according to the recitals of the record, by agreement of all the parties.

The trial resulted in a verdict for the plaintiffs, their damages being assessed separately; and judgment was rendered accordingly, from which this appeal is prosecuted.

The action as originally instituted properly joined as plaintiffs all the heirs at law of the decedent.    There being no

personal representative of decedent's estate, the action could, under the statute, be brought in the name of the heirs at law. Kirby's Digest § 6290. But all of the heirs should have been continued as parties. *McBride* v. *Berman,* 79 Ark. 62. The defendant, however, consented to the dismissal of the action by the other plaintiffs, and raised no objection to the right of the remaining plaintiffs to sue. The objection is raised here for the first time, and comes too late. *Pettigrew* v. *Washington County,* 43 Ark. 33; *Driver* v. *Lanier,* 66 Ark. 126; *Hadley* v. *Bryan,* 70 Ark. 197.

There was no evidence which would have authorized the jury in finding that the trainmen were guilty of negligence in striking deceased as he attempted to cross the track. The court, by giving an instruction requested by defendant, took that question from the jury. The language of some of the other instructions seems to indicate a submission of that question, but, when considered with the instruction plainly taking that question away from the jury, the language is, we think, referable to the question of negligence in failing to exercise care to prevent injuring Watson after he fell on the pilot and before he rolled off and was drawn under it. The evidence is that he was uninjured at that time and was carried about 150 feet, and that the trainmen were aware of his perilous position. If there had been any testimony tending to show negligence in failing to stop the engine before Watson rolled off the pilot, there should have been a submission to the jury of the question of negligence in that respect; but we fail to discover any evidence of negligence in that particular. The undisputed evidence is that the train, though approching the station, was going at an unusually rapid rate of speed, and that, as soon as the perilous position of Watson was discovered, all possible means were employed to stop the train. No effort was made on the part of plaintiff to show that the train, while going at that rate of speed, could have been stopped in the space Watson was carried along on the pilot. It was therefore error to submit that question of negligence to the jury.

The other ground of liability set out in the complaint was that the trainmen were negligent in moving the train after it had been stopped over deceased, so as to cause it to strike him and

inflict the fatal wound. There was testimony tending to show that, as the engine was moving back over Watson's body, he was struck by a rod or bolt under the pilot, and that additional wounds were thereby inflicted. In view of the fact that the judgment must be reversed on other grounds, we deem it unnecessary to decide whether or not the evidence was legally sufficient to sustain a finding that the additional injury caused the death of Watson or contributed to it. On this point the evidence is so close that on another trial there may be enough difference to change its effect.

The court gave the following instruction over defendant's objections: "The burden of proof is upon defendant to show that it used reasonable care, caution and skill to avoid injuring deceased after his peril was discovered by its employees." This was error. We have held in several cases that where the injured person has been guilty of contributory negligence, the burden of proof is upon the plaintiff to show, in order to recover damages, that the employees in charge of the train discovered his perilous position in time to have avoided injury, and negligently failed to use proper means to avoid injuring him after discovering his peril. *St. Louis & S. F. Rd. Co.* v. *Townsend,* 69 Ark. 380; *Chicago, R. I. & P. Ry. Co.* v. *Bunch,* 82 Ark. 522; *Jones* v. *St. Louis, I. M. & S. Ry. Co.,* 96 Ark. 366.

We find it unnecessary to pass on the other assignments of error; but for the errors indicated the judgment is reversed, and the cause remanded for a new trial.