## MORGAN *v.* SHACKLEFORD.

### Opinion delivered June 6, 1927.

1. COMPROMISE AND SETTLEMENT—CONSIDERATION.—Where there was a *bona fide* dispute as to the liability of one party under a judgment, there was a sufficient consideration to support his contract to pay a less sum than the amount of the judgment as a compromise settlement.

2. CONTRACTS—RESCISSION.—The parties to a contract of any kind, whether written or verbal, may at any time rescind or terminate it by a mutual consent and agreement, and restore each other to the *status quo* or fix their respective rights and liability upon the abrogation of the contract.

3.   CONTRACTS—RESCISSION—CONSIDERATION.—So long as the contract remains executory, the mutual agreement of the parties to
rescind it requires no new or independent consideration.

Appeal from Pulaski Circuit Court, Second Division;
*Richard M. Mann,* Judge; reversed.

*Buzbee, Pugh & Harrison,* for appellant.

*John D. Shackleford,* for appellee.

MEHAFFY, J.   This suit was begun in the Pulaski
Circuit Court by appellee as assignee of M. P. McDonnell
to revive a judgment for $1,528.81 obtained by said
M. P. McDonnell in March, 1922, against S. R. Morgan,
M. B. Morgan and F. J. Dove, doing business as Morgan
Construction Company.

S. R. and M. B. Morgan filed answer, pleading,
among other things, that a compromise settlement had
been effected, whereby M. B. Morgan had agreed to pay
and appellee had agreed to accept the sum of $820 as a
compromise settlement and satisfaction in full of said
judgment.   M. B. Morgan contended that he was not a
partner nor in any way interested in the Morgan Construction Company, and that he was never served with
summons, and knew nothing whatever about the suit or
about any judgment having been taken against him until
proceedings were begun in Union County.

The parties agreed to waive a jury and submit the
matter to the court sitting as a jury, and, after the testimony had been taken, the court took the matter under
advisement, and thereafter made the following findings:

"1.   That M. B. Morgan was a partner with S. R.
Morgan and F. J. Dove, and therefore liable for the
debt due M. P. McDonnell, which had been assigned to
John D. Shackleford, therefore the judgment against
M. B. Morgan should not be set aside.

"2.   That the said John D. Shackleford entered into
an agreement with S. R. Morgan on behalf of M. B.
Morgan by the terms of which M. B. Morgan would pay
and John D. Shackleford would accept $820 in full settlement of the judgment for the larger amount.   This
agreement was never executed, but M. B. Morgan was

ready and willing to perform his part, namely, the payment of $820, the amount due under the agreement, and tendered same. Shackleford refused to accept this amount in settlement after the agreement was made.

"3. There was no consideration for this agreement. It is claimed that the trip to El Dorado by S. R. Morgan and his attorneys constituted a consideration, but it does not appear from the testimony that the agreement was a prerequisite to this trip. Therefore, this court holds as a matter of law that there was no consideration for the agreement to remit the remainder of the judgment, and that the plaintiff, John D. Shackleford, should have the full amount of the judgment against M. B. Morgan and S. R. Morgan."

The court rendered judgment reviving the original judgment as to S. R. and M. B. Morgan, gave the defendants 15 days within which to file their motions for a new trial; motions for a new trial were duly filed, and thereafter said motions for a new trial were overruled by the court, exceptions were saved, and appeal taken to this court.

The appellee wrote the following letter to his son at El Dorado:

"January 4, 1926.

"Dear Marshall: I guess I have allowed Morgan to talk me out of some of my McDonnell judgment. But after all it is probably the best I can do at present.

"I am agreeing with him to have you dismiss the case pending down there on payment to you of $820. This is to be in full satisfaction of the McDonnell judgment. Make them give you the cold green, so there will be no hereafter about it, and let me hear from you.

"You are on the ground, and know the situation better than I do. If you think we can get more out of it— hold him up and make him come across. I am going to leave it to you.

"I am,                         As ever."

We agree with the trial court that Shackleford and Morgan entered into an agreement by which Morgan was

to pay and Shackleford was to receive $820 and satisfy the judgment. Morgan contended that he was not interested in the construction company, and that he was never served with process and was therefore not liable for any amount. The evidence shows that Dove was a bankrupt, and evidently Mr. Shackleford was unable to collect the judgment from S. R. Morgan. At any rate it had not been collected, and M. B. Morgan was contending that he was not liable, for the reasons above mentioned.

There was a *bona fide* dispute as to the liability of M. B. Morgan, and the parties had the right to make a new contract, and the only question is whether there was a sufficient consideration to support the new contract. We think it wholly immaterial whether Mr. Shackleford at El Dorado, as agent of appellee, was authorized to accept settlement, and wholly immaterial whether he was the agent. According to our view of the case, the agreement was made between Mr. Shackleford and Mr. Morgan just as the circuit court found. We do not agree with the trial court, however, that there was no consideration to support the contract. Appellee concedes that, if the $820 had been paid and had been accepted in full satisfaction, then it would be an executed settlement and therefore binding, but he contends that it is not binding because it was not executed.

This court in a recent case quoted with approval the following statement made by the United States Supreme Court in *Chicago, Milwaukee & St. Paul R. Co.* v. *Clark,* 178 U. S. 353, 20 S. Ct. 924, 44 L. ed. 1099:

"The result of modern cases is that the rule only applies when the larger sum is liquidated and when there is no consideration whatever for the surrender of a part of it, and while the general rule must be regarded as well settled, it is considered so far with disfavor as to be confined strictly to cases within it."

And continuing, this court said:

"While our own court has adhered to the rule, it has recognized exceptions to it. One of these is that part payment of a liquidated indebtedness by a third person

is sufficient consideration for its acceptance by the creditors in the discharge of the entire debt.'' *Martin* v. *State ex rel. Saline County,* 171 Ark. 576, 286 S. W. 873.

A sufficient consideration to support the agreement, as we have already said, we think exists in this case, and we do not think it depends so much upon the question of accord and satisfaction, but is a rescission of the former contract by mutual consent of the parties, and the entering into a new agreement by which Morgan, who claimed he did not owe anything, agreed to pay $820 and Shackleford agreed to accept it in settlement.

"The parties to a contract of any kind, whether written or verbal, may at any time rescind or terminate it by their mutual consent and agreement, and either restore each other to the *status quo* or fix their respective rights and liabilities upon the abrogation of the contract. As remarked by the Supreme Court of Pennsylvania, 'it may be doubted if any business man in the State is so ignorant of law as not to know that the parties to a contract may rescind it at any time by mutual act and consent.' The right to do this is not at all dependent upon any provision to that effect in the contract itself, but is based on the principle that whatever the parties have power to bind themselves to by contract they may release themselves from by subsequent contract. And it is likewise immaterial whether the contract to be rescinded is executory or executed. It may be abrogated, if the parties so agree, before it is performed, or after partial performance, or even after complete execution. Further, it is open to the parties, if they will so agree, to change or modify the terms of their contract without rescinding it entirely. * * * So long as a contract remains executory, a mutual agreement of the parties to rescind it requires no new or independent consideration, for the release of each of the parties from his duties and obligations under the existing contract is a sufficient consideration for his agreement to release the other. * * * But, if the parties agree not merely to rescind the existing contract, but make a new contract with reference to the same

subject-matter, the new contract taking the place of the old, the substitution of the one for the other is a sufficient consideration to support the new agreement.'' Black on Rescission and Cancellation, 1233 *et seq.*

Since we have concluded that the agreement made between the parties is binding on both parties, it becomes unnecessary to determine the other question, because, whether Morgan was a partner or not and whether he was served or not, there was a judgment against him, and, to get that judgment satisfied, he entered into an agreement to pay $820, and he is bound to pay that amount whether he was interested or not and whether he was served or not.

The trial court was correct in holding that an agreement had been made, but erred in holding that there was no consideration and that it was therefore void. The cause is therefore reversed, and remanded for further proceedings not inconsistent with this opinion.