SCOTTISH UNION & NATIONAL INSURANCE COMPANY *v.* WILSON.

Opinion delivered June 1, 1931.

*A. H. Scott,* for appellant.

*Edward Gordon,* for appellee.

MEHAFFY, J. Appellees are the only heirs at law of B. F. Wilson, deceased, and in their complaint alleged that they are the owners of the property involved in this suit. At the death of their father, the property was left to their mother for life, and the remainder to appellees. The mother died in January, 1928.

The property insured was a dwelling house on lots 8 and 9 in block 6, Irving's Addition to the city of Morrilton. On the 14th day of February, 1930, the property was insured by appellant in the sum of $800.

One of the clauses in the policy was as follows: ''Permission is given for the premises to be vacant or unoccupied for a period not to exceed 60 days, either in any one policy year or consecutively at any one time.''

The property was totally destroyed by fire on April 19, 1930. The building became vacant February 22, 1930. Appellees had executed a mortgage to the National Savings & Loan Association, and the appellant filed a demurrer to the complaint, stating that the National Savings & Loan Association was a necessary party, and thereafter the appellees filed an amendment to their complaint making the National Savings & Loan Association a party.

The appellant admitted issuing the policy and admitted that permission was given for the premises to remain vacant or unoccupied for a period of 60 days, but alleged that a rider had been attached to the policy under the terms of which appellant would not be liable for exceeding two-thirds of the amount of damage if the property was destroyed by fire during such vacancy. It therefore contends that it is not liable, but that it was liable for only two-thirds of the $800. The policy contained a mortgage clause payable to the National Savings & Loan Association.

There is no dispute about the property having been destroyed by fire, and it had not been vacant 60 days when so destroyed.

Appellant insists that the judgment should be reversed because the suit was originally begun by the heirs of B. F. Wilson, and the insurance policy was issued in the name of the estate of B. F. Wilson. It is insisted that the suit should have been brought by the administratrix and not by the heirs. The administratrix was made a party, and no objection was made by appellant to making

the administratrix a party, and no objection was made in the lower court on account of any defect of parties or improper parties.

Our statute provides: "The defendant may demur to the complaint where it appears on its face that the plaintiff has not legal capacity to sue." Crawford & Moses' Digest, § 1189.

The policy having been issued in the name of the estate, this defect, if it was a defect, appeared on the face of the complaint, but if it did not appear on the face of the complaint the statute also provides: "When any of the matters enumerated in § 1189 do not appear upon the face of the complaint, the objections may be taken by answer. If no such objection is taken either by demurrer or answer, the defendant shall be deemed to have waived the same except only the exception to the jurisdiction of the court over the subject of the action, and the objection that the complaint does not state facts sufficient to constitute a cause of action." Crawford & Moses' Digest, § 1192.

The appellant filed a demurrer to the complaint alleging that the property was mortgaged and that the National Savings and Loan Association was a proper party. There was no suggestion in this demurrer or in the answer that the appellees were not proper parties or that there was any defect other than that pointed out by the demurrer that the National Savings & Loan Association was a necessary party.

The statute provides: "The demurrer shall distinctly specify the grounds of objections to the complaint; unless it does so, it shall be regarded as objecting only that the complaint does not state facts sufficient to constitute a cause of action." Crawford & Moses' Digest, § 1190.

It therefore does not appear either in appellant's demurrer or answer that there was any defect of parties, except that the mortgagee should be made a party.

The objection that appellees did not have legal capacity to sue must be made in the manner provided in

the statute. *Gaither Coal Company* v. *Le Clerch,* 182 Ark. 466, 31 S. W. (2d) 750; *Murphy* v. *Myar,* 95 Ark. 33, 128 S. W. 359, Ann. Cas. 1912A, 573; *Love* v. *Cahn,* 93 Ark. 215, 124 S. W. 259; *Ry. Co.* v. *Watson,* 97 Ark. 560, 134 S. W. 949; *Texarkana Gas & Electric Co.* v. *Orr,* 59 Ark. 215, 27 S. W. 66, 43 Am. St. Rep. 30.

The objection, not having been made in the manner provided by statute, was waived. The appellees were interested in the suit, and, while they may not have been necessary parties, they were proper parties. If the objection had been made in the court below, appellees might have shown that they were the only parties in interest. At any rate, the objection, not having been made in the court below, must be deemed waived.

The appellant in its motion for new trial, among other things, stated: "The court erred in overruling defendant's motion to dismiss as the plaintiffs were not the proper parties in that the property belonged to the estate of B. F. Wilson, and said suit should have been filed in the name of the administratrix, and there was nothing before the court."

The record, however, does not show that appellant made any such motion, and it must have been made in the court below, even if the appellees had not been proper parties.

The appellant next contends that the court erred in holding that the rider was not effective, and that it does not bind the appellees. It is contended that to the policy was attached a two-thirds vacancy permit, and that the company, while admitting its liability for two-thirds of the $800, was not liable for anything in excess of that. This rider was sent to the mortgagee with a request to attach it to the policy. No such provision as this rider contained was in the original policy, but in the original policy permission for the property to be vacant or unoccupied for 60 days was given, and the company reserved the right to cancel this policy on 5 days' notice. The undisputed evidence shows that it never

gave any notice, and the undisputed evidence also shows that no one interested in this contract agreed with the insurance company that this rider should be attached. Mrs. Presley testified that she had a conversation with a representative of the appellant, but that he did not notify her anything about a vacancy clause. She stated she knew she had 60 days and he knew it, too. Mr. Hellum testified that he never did notify Mrs. Presley; that he never sent her a copy of the two-thirds vacancy clause, and that he did not give her any notice whatever. He testified that he attached the clause to his record only, but without notice to the assured. This witness testified that he discussed with Mrs. Presley the fact of the house being vacant, that he asked her once or twice if she had gotten a renter, and told her that he was going to have to attach the clause if the house was not occupied, but he says that he does not believe he told her unless it was occupied at once. But he told her if she did not get a renter he would have to attach it; but did not give her any notice and did not tell her when he would attach it. He testified that after that he asked her once or twice if she had gotten a renter, and still did not tell her that he was attaching the two-thirds vacancy clause.

It is contended by the appellant that the court's ruling that the rider was not effective and did not bind the plaintiff had the effect that the contract could not be modified. We do not agree with appellant in this contention. The ruling of the court was to the effect that the contract had not been modified. Of course, parties to a contract could modify it or cancel it or amend it in any way they might think proper. But the modification cannot be made by one party alone, but both parties must agree to the modification.

The undisputed evidence in this case shows that the insurance company alone agreed to the modification. It was plainly written in the policy that permission was given for the property to remain vacant 60 days. This was the contract that the parties made. This contract

all agreed to, and if the parties other than the insurance company had agreed to the modification, this modification would have been binding on them. We therefore do not think there was any evidence tending to show that there had been a modification of the contract.

It is contended by the appellant that the statute authorizing attorney's fees and damages is unconstitutional and void. This question, however, was not raised by appellant in the lower court and cannot be considered here.

The court did not err in directing a verdict, and the judgment is therefore affirmed.