SWIFT *v.* LOVEGROVE.

5-3065                                   371 S. W. 2d 129

Opinion delivered October 14, 1963.

*John G. Moore,* for appellant.

*Gordon & Gordon,* for appellee.

PAUL WARD, Associate Justice. Appellant, Robert M. Swift, owned 190 acres of land on which he operated a dairy. On March 4, 1960 he and appellee, Leroy Lovegrove, Jr., entered into a written agreement (hereafter referred to as a contract) wherein appellant purported to sell and appellee purported to purchase the land, including the dairy cows and equipment. The contract, not drawn by an attorney, is crude and indefinite in its terms.

The parties however agree as to the following: (a) The price of the land was $16,500 and the price of the cows and equipment was $12,500; (b) appellee made a down payment of $2,000 and then made four other payments of $200 each; (c) there was no definite agreement as to when the balance would be paid, but appellee was to get credit for one-half of the profits from the operation of the dairy to be applied on the balance of the purchase price; and, (d) appellee was to pay one-half of the expense incident to the dairy operation. It is not disputed that the parties operated under this arrangement for only three or four months after which time it was terminated. The cause and circumstance of such termination are the issues in this litigation.

The contention of appellee (as set out in his complaint filed in the circuit court) is (a) that an essential part of the contract and agreement was for appellant to keep a record of the dairy profits and to give him (appellee) credit each month on the purchase price but that appellant failed and refused to do so, and (b) that on July 1, 1960 it was mutually agreed to rescind the entire contract and for appellant to refund to appellee the sum of $2,800. On the other hand, it is the contention of appellant that he made no such agreement, that appellee refused to carry out his part of the contract, and therefore he was due the balance of the purchase price.

The above conflicting contentions were presented to the trial judge, sitting as a jury. After hearing the testimony of both parties and their wives, the trial court, after making extensive findings of fact and law, found the issues in favor of appellee and rendered judgment in his favor for $2,800. Among other things the court found appellee had advanced $2,800 and that there was an agreement to rescind the contract. The court further found that the parties had entered into a partnership operation or joint adventure as to the dairy operation, and that "the contract as drawn is more in the nature of a memorandum of mutual undertakings of the parties, and without oral interpretation and explanation, is ambiguous".

The judgment of the trial court must be affirmed. It is not contended by appellant that there is no substantial evidence to support the court's findings. It is contended, however, by appellant that the trial court had no right to find there was a rescission and that there was a partnership arrangement because it had no right to vary a written contract. Appellant cannot be sustained in either contention.

We have many times recognized the right of parties to a contract to vary it or rescind it by mutual consent. See: *Elkins* v. *Aliceville,* 170 Ark. 195, 279 S. W. 379; *First National Bank of Belleville, Illinois* v. *Tate,* 178 Ark. 1098, 13 S. W. 2d 587; and, *Scottish Union and Na-*

*tional Insurance Company* v. *Wilson,* 183 Ark. 860, 39 S. W. 2d 303. It is equally well settled that an ambiguous contract is subject to interpretation, and "its meaning is a question of fact for the jury and should be submitted to a jury." The above quote is taken from the case of *The Travelers Indemnity Co.* v. *Hyde,* 232 Ark. 1020, 342 S. W. 2d 295. In this case the trial court sat in the capacity of a jury.

We find no merit in appellant's final contention that the trial court erred in refusing to grant a new trial on the ground of newly discovered evidence. Appellant's motion was based solely on an affidavit made by appellee's brother. The trial court was correct in refusing appellant's motion for reasons hereafter mentioned. In the case of *Missouri Pacific Transportation Company* v. *Simon,* 200 Ark. 430, 140 S. W. 2d 129, four specific requirements for granting a new trial on newly discovered evidence are set forth. A casual reading of the affidavit reveals that none of the requirements was met in this case. It suffices here to quote what the trial court said about the one requirement of diligence:

"No diligence has been shown to show any effort to obtain the testimony of Robert Lovegrove, by subpoena or by deposition. That prior and at the time of trial, defendant, Swift, had full knowledge of any information available to him so far as Robert Lovegrove was concerned."

Since no error has been shown, the judgment of the trial court is affirmed.