WALLACE v. SMITH.

5-3156                                    377 S. W. 2d 827

Opinion delivered April 20, 1964.

*Wayne Foster,* for appellant.

No brief filed for appellee.

PAUL WARD, Associate Justice. The issue presented here grows out of a property settlement incorporated in a divorce decree.

Ruth Wallace (one of the appellants) and Kenneth B. Smith (the appellee) were divorced on July 16, 1956 —Case Number 9161. The decree awarded to Ruth custody of the only child, Levi Henry Smith, and it incorporated a property settlement AGREEMENT which had been worked out by the parties.

The AGREEMENT, after setting out certain items of support for Ruth and Levi Henry, contained, in substance, the following provisions: The parties are the owners of 68 acres of land (described in detail) on which is located a house; It is agreed to sell the house and 8 acres of land (more or less) for not less than $9,200 with which appellee was to pay "all outstanding indebtedness"; and, they agree to convey the rest of the property to Levi Henry.

On August 30, 1961, Kenneth B. Smith filed a petition in Case Number 9746 (which by stipulation "is an aftermath of a divorce action . . . No. 9161") against Ruth Wallace Smith in essential parts as follows:

1. On or about March 15, 1960, the court modified the decree of July 16, 1956, to the effect that the husband could sell the house and as much of the acreage as necessary to net the sum of $9,200, and if any acreage is left over, the balance to be deeded to Levi Henry;

2. Appellee had tried to sell the property but could get only $6,000 for all of it;

3. The prayer was that appellee be permitted to sell all the property and apply the proceeds on the debts.

To the above petition Ruth filed a demurrer, alleging a defect of parties and insufficient facts to constitute a cause of action. The demurrer was overruled. Then Ruth, as Guardian of Levi Henry, filed an intervention, contending that Levi Henry has a vested interest in the 68 acres of land, and that he should be made a party. In her answer she asked the court to enjoin appellee from disposing of the property. Appellee, thereupon, moved the court to dismiss the intervention.

Based upon the above pleadings and upon the record in the original divorce action, No. 9161, (which is a part of this record—No. 9746—by stipulation of the parties) the trial court found: (a) The original decree was modified on February 18, 1960 to give appellee right to sell "such acreage as is necessary to net said Kenneth B. Smith the sum of . . . $9,200.00"; (b) the original decree "adequately provided for the Intervenor monetary support, insurance, and medical care"; (c) since the 68 acres will not net $9,200, there is no remainder in the property which intervenor may take as incidental beneficiary. The court then found in favor of appellee, dismissed the intervention, and ordered appellant (Ruth Wallace) to execute a deed to anyone who purchases the said property, otherwise a commissioner will be appointed to execute the deed.

After careful consideration we have concluded that the trial court must be affirmed. The answer to the decisive issue presented here depends on the construction of the AGREEMENT entered into by the parents of Levi Henry. It is readily apparent that it is subject to two separate meanings. (a) It could be interpreted to mean that appellee was to sell 8 acres (more or less) with the house on it for what it would bring, and that the rest of the land be deeded to Levi Henry. (b) On the other hand, it could be interpreted to mean appellee was to sell all of the land, if necessary, to raise $9,200 (or less).

The trial court had a right to put its interpretation on the ambiguous contract or agreement. *Hughes* v. *El Dorado Oil Co.,* 160 Ark. 342, 254 S. W. 663, and *Swift* v. *Lovegrove,* 237 Ark. 43, 371 S. W. 2d 129.

The trial court (on two occasions) construed the agreement to mean appellee could sell enough land (all if necessary) to raise $9,200 (or whatever amount the land would bring).

We are unwilling to say the trial court erred. In fact, the wording of the agreement, in our opinion, amply supports the trial court. It indicates the sale must bring "not less than $9,200". Also, the inference is that there were debts in that amount which were to be paid. It is reasonable that the parties wanted said debts to be paid.

In view of what we have said and the conclusion reached, Levi Henry had no vested interest in the land and therefore was not a necessary party to the suit.

Affirmed.

HOLT, J., not participating.

GEORGE ROSE SMITH, J., dissents.

GEORGE ROSE SMITH, J. (dissenting). The contract gave Levi Henry a vested interest in the 60 acres, as a donee beneficiary. That interest could be reduced or extinguished only if the parties reserved the power to take that action. Restatement, Contracts, § 142. It seems to me that the majority have adopted a strained construc-

tion of the agreement in reaching the conclusion that the power of modification was reserved.

The contract, after reciting the couple's ownership of 68 acres, provided that the house and eight acres would be sold for not less than $9,200, which was to be paid to the husband and used for the payment of debts. After the sale the rest of the property was to be conveyed to Levi Henry. There was no express reservation of the power to alter the contract to Levi Henry's disadvantage.

I am unable to find an implied reservation. If the contract had provided that Levi Henry would receive all the purchase money in excess of $9,200, if the property should sell for a greater amount, then there would be some logic and fairness in requiring Levi Henry to contribute to the deficit if the house and eight acres should sell for less than $9,200. But that was not the agreement. Any excess over $9,200 would have gone to the appellee-husband. Thus Levi Henry is put in the position of gaining nothing if the house and eight acres could be sold for more than the specified price but of being penalized if the property should sell for less than the amount.

"The reservation of power on the part of the promisee to change the beneficiary or otherwise to vary the terms of a gift promise must ordinarily be expressed in specific terms." Restatement, Contracts, § 142. The pivotal question here is whether Levi Henry's parents reserved "in specific terms" the power to alter the gift to his detriment. The majority seem to realize that this agreement is at best equally susceptible of two conflicting interpretations. While I do not agree that both interpretations are equally reasonable, even upon the majority's premise we still ought to hold that the power to revoke the gift was not retained in such specific language as the law demands.