NORMAN LEONARD v. FAY DOWNING

5-4813                                    438 S.W. 2d 327

Opinion Delivered March 17, 1969

*W. B. Howard* and *Jack Segars* for appellant.

*Penix & Penix* and *Holland & Erwin* for appellee.

FRANK HOLT, Justice.   The appellee brought this action to recover the down payment on a house.   The chancellor found there had been a mutual agreement to rescind the oral contract of purchase and awarded ap-

pellee the sum of $1,860.00, together with interest from the date of the alleged rescission. For reversal, appellant primarily contends that the evidence offered by appellee on rescission was insufficient as a matter of law in that the alleged agreement for refund was indefinite and uncertain as to terms and time of payment.

Appellee paid appellant $2,000 as a down payment on the purchase price of a house. The balance of $12,025 was to be paid at the rate of $80 per month with interest. According to appellee, her ability to purchase was dependent upon her securing a Veterans Administration loan for the balance of the purchase price. With that understanding, she moved into the house. A few days later she went to a real estate office where she was advised that she would not be able to secure the VA loan. Appellant was then called to the office and acquainted with this fact. Appellee testified that appellant agreed he would refund the $2,000 down payment, less $100 for damage to the floor in the house and $40 for two weeks' rent. Thus, the net refund of $1,860 was agreed upon. Appellee's version was corroborated by her daughter and the real estate agent. Appellant testified that a refund was discussed but he made no oral agreement and refused to sign a written one. Further, that he could not make a refund until he had discussed it with his partner. According to appellee, the terms of the rescission and contract were definite and certain that he would refund $1,860 of the $2,000 deposit. She testified: . . .

"Q. What did he say about returning your money?

A. I don't remember what he had, $1,600 or $1,700 and I said I would wait on the balance.

Q. What was his response to that?

A. He said he would give it back the next day."

Before appellee moved, appellant furnished the material to repair the floor and never sent her a bill. There was evidence that after the appellee moved out of the house, appellant showed it to prospective purchasers and placed a "For Sale" sign on the premises. According to appellant, he advised any prospective purchaser that the house would be for resale when it was settled in court.

It is well settled that parties to an executory contract may rescind or modify it by mutual agreement. *Elkins* v. *Aliceville,* 170 Ark. 195, 279 S.W. 379 (1926); *Morgan* v. *Shackleford,* 174 Ark. 337, 295 S.W. 46 (1927); *Swift* v. *Lovegrove,* 237 Ark. 43, 371 S.W. 2d 129 (1963); 17A C.J.S., Contracts § 387. It is true, as urged by appellant, that time, place and amount are usually considered indispensable terms to a definite contract. *Crawford* v. *General Contract Corp.,* 174 F. Supp. 283. However, the general rule is that a promise to perform within a reasonable time is sufficient. 17 Am. Jur. 2d., Contracts, §§ 80, 82.

In the case at bar we cannot say that the finding of the chancellor that the appellant and appellee mutually agreed to rescind the contract of purchase is against the preponderance of the evidence. We think the terms and time of payment are reasonably certain and definite and meet the usual standards where two laymen attempt a mutual understanding under the circumstances that are here presented.

Since there exists a mutual agreement to rescind the original purchase agreement, it becomes unnecessary to consider appellant's contentions that appellee was never refused a VA loan and that he is willing to perform the original purchase agreement.

Affirmed.