David Hugh MOSS and Phyllis Moss *v.* ALLSTATE INSURANCE COMPANY

CA 89-123                                   776 S.W.2d 831

Court of Appeals of Arkansas
Division I
Opinion delivered September 27, 1989

34

*Mike Everett*, for appellants.

*Barrett, Wheatley, Smith & Deacon*, for appellee.

GEORGE K. CRACRAFT, Judge. David and Phyllis Moss appeal from an order denying their motion for summary judgment and granting summary judgment in favor of Allstate Insurance Company. We find there exists a genuine issue of material fact and reverse that part of the order granting summary judgment in favor of appellee, and remand for further proceedings.

The record indicates that appellee issued an automobile insurance policy to David and Phyllis Moss, affording them liability, collision, and comprehensive coverage on two automobiles. The premium for the six-month policy was $303.50, payable in four installments of $78.38. On September 22, 1987, appellee mailed a notice to appellants informing them that

coverage would be cancelled on October 7, 1987, unless a past due installment in the amount of $78.38 was paid by that date. On October 7, 1987, appellant Phyllis Moss delivered a check in that amount to appellee's local agent, who had authority to accept premiums on behalf of appellee. Appellants' insurance policy was then reinstated. At that time, Mrs. Moss executed a form requesting that the collision and comprehensive coverage be deleted from their policy. The agent mailed the premium check and request for coverage reduction, signed by Mrs. Moss and the local agent, to appellee. On October 18, 1987, appellants sustained a collision loss. On October 19, 1987, appellee issued an endorsement removing the collision and comprehensive coverage, and mailed the endorsement to appellants. That endorsement also reduced the amount of the six-month premium.

Appellee denied appellants' demand for payment of the collision loss on the basis that the collision and comprehensive coverage in appellants' automobile insurance policy was cancelled on October 7, 1987, at the request of appellant Phyllis Moss. Appellants brought this action for payment under the policy, alleging that their collision and comprehensive coverage remained in full force and effect until appellee accepted appellants' request for modification on October 19, 1987. Both parties filed motions for summary judgment. The trial court granted appellee's motion, finding that the request became effective at 12:01 a.m. October 8, 1987, and that the collision loss sustained October 18, 1987, was not covered by appellants' insurance policy. Appellants' motion was denied and their complaint dismissed with prejudice.

Appellants contend that the trial court erred in granting summary judgment in favor of appellee. We agree. Summary judgment is an extreme remedy which is proper only when it is clear that there is no genuine issue of material fact. *Heritage Bay Property Regime* v. *Jenkins*, 27 Ark. App. 112, 766 S.W.2d 624 (1989). The fact that both parties have moved for summary judgment does not establish that there is no issue of material fact. If there is any doubt as to whether there are issues of fact to be tried, both motions for summary judgment should be denied. *Wood* v. *Lathrop*, 249 Ark. 376, 459 S.W.2d 808 (1970).

Relations of parties to an insurance policy are con-

tractual and modification of the terms of the policy is governed by the rules applicable to contracts. *See Christian v. Metropolitan Life Insurance Co.*, 566 P.2d 445 (Okla. 1977). The essential elements of a contract are: (a) competent parties; (b) subject matter; (c) legal consideration; (d) mutual agreement; and (e) mutual obligations. *Hunt v. McIlroy Bank and Trust*, 2 Ark. App. 87, 616 S.W.2d 759 (1981). It is well established that before an agreement becomes binding there must be a meeting of the minds of both parties as to all terms. *Id.* A meeting of the minds is defined as an agreement reached by the parties to the contract and expressed therein, or as the equivalent of mutual assent and mutual obligation. *Rice v. McKinley*, 267 Ark. 659, 590 S.W.2d 305 (1979). It is also well established that a contract is formed when the last act necessary is performed. *See Hunt v. McIlroy Bank and Trust, supra.* A contract may be modified, but it is essential that both parties agree to the modification and its terms. *Leonard v. Downing*, 246 Ark. 397, 438 S.W.2d 327 (1969); *Scottish Union and National Insurance Co. v. Wilson*, 183 Ark. 860, 39 S.W.2d 303 (1931).

■ Here, while the original contract of insurance providing full coverage was in force with all premiums paid, appellants requested a modification of the policy. Until that request was accepted, the agreement for full coverage remained in effect. However, we cannot determine from the record when acceptance occurred. If appellee's local agent had the authority to bind appellee and make policy changes without appellee's approval, appellants' request may have been accepted on October 7, 1987. Absent such authority, acceptance could not have occurred until appellee's endorsement was placed in the mail on October 19, 1987. Thus, the question of whether appellee's agent had the authority to bind appellee is a genuine issue of material fact to be determined by the factfinder.

■ Appellee argues that appellants' request for reduction of coverage was to be made retroactive, and, in accordance with their business practice, it became effective October 8, 1987, at 12:01 a.m. Appellee relies on *Government Employees Insurance Co. v. State Farm Mutual Insurance Co.*, 382 So.2d 876 (Fla. 1980), which, on strikingly similar facts, held that an insured's request for a change of policy terms may be processed retroactively, and if an accident occurs after the effective date, but prior

to the processing date, the policy applies as changed. We agree that an insured's request for change in policy terms may be applied retroactively if the parties so intend. *See Ruston Drilling Co. v. United States Fidelity & Guaranty Co.*, 81 F.2d 943 (8th Cir. 1936); 17 M. Rhodes, *Couch Cyclopedia of Insurance Law 2d* §65:12 (Rev. Ed. 1983). However, the Florida court made no such findings to support its conclusion in that case.

In interpreting contracts, the fundamental inquiry centers on determining the intent of the parties at the time of the agreement. We cannot determine whether it was the intent of the parties that appellants' request for modification be applied retroactively. In answers to interrogatories propounded by appellants, appellee stated that Phyllis Moss executed a form "dropping" the comprehensive and collision coverage. In their motion for summary judgment, appellants stated that Phyllis Moss "requested to amend" the insurance contract by deleting the provision for collision coverage. Nor can intent of the parties regarding retroactive application be ascertained from appellee's "Customer Service Request" form executed by appellants. On its face, the form is merely a "request" for a change in coverage. However, the request form as executed by Phyllis Moss indicates that it is "effective" October 7, 1987, at 10:15 a.m. Whether this is the effective date of the request or a term providing for retroactive application of the modification is unclear. However, neither party argues that October 7, 1987, at 10:15 a.m. is the time at which the modification became effective. Therefore, the intent of the parties at the time they entered into the agreement is another genuine issue of material fact to be determined by the factfinder.

Finding genuine issues of material fact for the jury or trier-of-fact to determine, we conclude that the trial court erred in granting appellee's motion for summary judgment and remand for further proceedings.

Reversed and remanded.

Cooper and Rogers, JJ., agree.